Argued May 9, affirmed June 6, rehearing denied July 10, 1917,

## ROGERS v. MALONEY.*

(165 Pac. 357.)

**Indians—Lease by Allottee—Approval—"Condition Precedent."**

1. A provision in a lease by an Indian allottee that it should become binding only after approval by the Indian reservation superintendent, or Secretary of the Interior, is a "condition precedent."

**Contracts—"Condition Precedent."**

2. A "condition precedent" is a condition which calls for the performance of some act or the happening of some event after the terms of the contract have been agreed upon, and before the contract shall take effect.

**Frauds, Statute of—Parol—Modification.**

3. Ordinarily, an agreement within the statute of frauds cannot be varied by parol.

**Frauds, Statute of—Parol—Modification—Estoppel.**

4. Where a parol modification of a lease has been acted upon by a party to his disadvantage, the other party cannot set up the statute of frauds and stand on the original agreement.

**Indians—Lease—Approval—Conditions Precedent—Waiver.**

5. Where a lease by an Indian allottee provided that it should not become effective until approved, evidence that the lessee advanced the lessor money, furnished supplies, and did some work on the property, all in reliance upon the lease, makes the lessor's waiver of the condition regarding approval, etc., a jury question.

[As to waiver of forfeiture of lease, see note in 47 **Am. St. Rep.** 197.]

From Umatilla: Gilbert W. Phelps, Judge.

---

*On the question of statute of frauds as affecting parol modification of instrument, see notes in 28 L. R. A. (N. S.) 876; L. R. A. 1917B, 144.

REPORTER.

An action of forcible entry and detainer by Frank
Rogers against James W. Maloney, wherein a judg-
ment was entered on a verdict of a jury in favor of
plaintiff and defendant appealed. Affirmed.

In Banc. Statement by Mr. Justice McCamant.

This is an action of forcible entry and detainer which
involves plaintiff's right to the possession of a quarter-
section of land in the Umatilla Indian Reservation in
Umatilla County. Prior to September 30, 1916, the
land was in the undisputed possession of the defendant,
under a lease from Ellen Darr, the Indian allottee.
On June 1, 1916, a new lease was given by Mrs. Darr
to the defendant, running from October 1, 1916, to
September 30, 1920. This lease contained the follow-
ing clause:

"It is further understood and agreed by the parties
hereto that this lease shall be valid and binding only
after approval by the Superintendent or other officer
in charge of the Umatilla Indian Reservation, or by
the Secretary of the Interior."

The lease has never been so approved, nor did the
lessor at any time make a new agreement in writing
which made the lease effective, notwithstanding the
condition created by the foregoing covenant. Under
date of May 4, 1916, a patent was issued to Mrs. Darr
for the property in question, pursuant to the pro-
visions of the Act of May 8, 1906 (34 Stats. at Large,
182), and she thereupon became vested with entire
control over the property and with the right to convey
or lease the same without approval of any official.
This patent reached the superintendent of the Umatilla
Reservation on June 25th and was delivered to Mrs.
Darr on July 3d. The lease under which the defend-
ant claims the property was executed in ignorance of

the existence of the patent. Subsequently, and on September 16, 1916, Mrs. Darr executed a lease of this same property to plaintiff for a period of ten years after the expiration of defendant's lease, which was then effective. Plaintiff claims that he has been entitled to the possession of the property at all times subsequent to October 1, 1916, under the operation of this lease. He undertook to take forcible possession of the property on October 17 and 18, 1916, but the defendant withheld possession from him and he thereupon brought this action. The defendant contends that the condition in the lease above quoted was waived by Mrs. Darr. The case was tried before a jury. A verdict was rendered in favor of the defendant, on which judgment was entered, and plaintiff appeals.

AFFIRMED.

For appellant there was a brief over the name of *Messrs. Raley & Raley,* with an oral argument by *Mr. J. H. Raley.*

For respondent there was a brief over the names of *Messrs. Fee & Fee* and *Messrs. Carter & Smythe,* with oral arguments by *Mr. James A. Fee* and *Mr. Charles H. Carter.*

MR. JUSTICE McCAMANT delivered the opinion of the court.

1–4. The clause in defendant's lease providing that it shall be binding only after approval by the superintendent of the Indian Reservation, or by the Secretary of the Interior, is a condition precedent; *Wellsville Oil Co.* v. *Miller,* 44 Okl. 493 (145 Pac. 344), 243 U. S. 6 (61 L. Ed. —, 37 Sup. Ct. Rep. 362). A condition precedent is a condition which calls for the performance of

some act or the happening of some event after the terms of the contract have been agreed upon, before the contract shall take effect: 8 Cyc. 558. Defendant's lease was therefore ineffective unless the foregoing condition was waived: *Johnson* v. *Warren*, 74 Mich. 491, 497 (42 N. W. 74); *People* v. *Center*, 66 Cal. 551 (5 Pac. 263, 6 Pac. 481, 485). The defendant's lease, being for a longer period than one year, is within the statute of frauds: Section 804, 808, L. O. L. The general rule is that an agreement within the statute of frauds cannot be varied by parol: *Neppach* v. *Oregon Co.*, 46 Or. 374, 395 (80 Pac. 482, 7 Ann. Cas. 1035); *Kingsley* v. *Kressly*, 60 Or. 167, 173 (111 Pac. 385, 118 Pac. 678, Ann. Cas. 1913E, 746); *Caples* v. *Morgan*, 81 Or. 692, 704 (160 Pac. 1154). If the modification made by parol has been acted upon by the parties and the position of one of them has been changed for the worse in reliance on the modification, the other party will be denied the right to set up the statute of frauds and stand on the original agreement: *Neppach* v. *Oregon Co.*, 46 Or. 374, 395 (80 Pac. 482, 7 Ann. Cas. 1035); *Kingsley* v. *Kressly*, 60 Or. 167, 173 (111 Pac. 385, 118 Pac. 678, Ann. Cas. 1913E, 746). This principle of law is clearly set out by the Supreme Court of California:

"The right of courts of equity to hold a person estopped to assert the statute of frauds, where such assertion would amount to practicing a fraud, cannot be disputed. * *

"We can see no good reason for limiting the operation of this equitable doctrine to any particular class of contracts included within the statute of frauds, provided always the essential elements of an estoppel are present, or for saying otherwise than as is intimated by Mr. Pomeroy in the words already quoted, viz., that it applies 'in every transaction where the statute is invoked.' It is a general equitable principle, a part of the broader equitable doctrine stated in *Dickerson* v.

*Colgrove,* 100 U. S. 580 (25 L: Ed. 618), and quoted therefrom in *Carpy* v. *Dowdell,* 115 Cal. 677, 687 (47 Pac. 697), as follows: 'The vital principle is that he who by his language or conduct leads another to do what he would not otherwise have done shall not subject such person to loss or injury by disappointing the expectations upon which he acted. Such a change of position is sternly forbidden. It involves fraud and falsehood, and the law abhors both' ": *Seymour* v. *Oelrichs,* 156 Cal. 782 (106 Pac. 88, 94).

To the same effect see: *Smiley* v. *Barker,* 83 Fed. 684, 687 (28 C. C. A. 9).

5. The question with which we are concerned in this case is whether Mrs. Darr waived the condition precedent and thereby made the defendant's lease effective. In 29 Am. & Eng. Enc. of Law, p. 1103, it is said:

"A person who does some positive act which, according to its natural import, is so inconsistent with the enforcement of a right in his favor as to induce a reasonable belief that such right has been dispensed with, will be deemed to have waived it."

In Bishop on Contracts, Section 792, the principle is stated thus:

"Waiver is where one in possession of any right, whether conferred by law or by contract, and of full knowledge of the material facts, does or forbears the doing of something inconsistent with the existence of the right or of his intention to rely upon it; thereupon he is said to have waived it, and he is precluded from claiming anything by reason of it afterward."

Do the facts in the case at bar bring the defendant within the principle announced in the foregoing authorities?

It appears that on June 3, 1916, the defendant indorsed the lessor's note for two hundred dollars to the First National Bank of Pendleton. The defendant

testifies that he did this solely in reliance on the lease. This note remained unpaid at the time when plaintiff undertook to take forcible possession of the property. It was paid by Mrs. Darr on October 21st. On September 7, 1916, the defendant gave Mrs. Darr thirty dollars; the check by which the money was paid contained the words, "advance on lease," and the defendant testified that he paid this money on account of the rentals which would become due under the lease. On October 21, 1916, Mrs. Darr deposited the sum of thirty dollars to the credit of the defendant with the defendant's bankers. The defendant declined to accept the money. The bank thereupon put it in the form of a certificate of deposit and sent it to Mrs. Darr. The certificate had not been cashed at the time when the case was tried. Some testimony was offered on behalf of the defendant to the effect that at the time when this thirty dollars was paid to Mrs. Darr she said to the defendant that the defendant "need not fear the lease. It was a good one and if it was not satisfactory she would make it satisfactory." About this same time, on Mrs. Darr's application, the defendant gave her a load of hay and two sacks of barley. The defendant testified that he did this in reliance upon the lease of date June 1st. This lease obligated the defendant to do some fencing on the property. It appears that the defendant hauled three loads of posts for this purpose from Mrs. Darr's cabin twenty-five miles distant, using for such purpose two six-mule teams and one two-mule team. It took two days for each team to make the trip.

We think that these facts were sufficient to go to the jury on the question of waiver. It has been twice held by this court that by the acceptance of a premium and the issuance of a policy an insurance company is es-

topped to set up a condition in the policy under the operation of which the policy was never at any time effective: *Allesina* v. *London Ins. Co.*, 45 Or. 441 (78 Pac. 392, 2 Ann. Cas. 284); *Arthur* v. *Palatine Co.*, 35 Or. 27, 31 (57 Pac. 62, 76 Am. St. Rep. 450). Since these cases were decided the legislature has provided a standard form of fire insurance policy and the law of waiver announced in these decisions is for that reason no longer applicable to similar states of fact: *Oatman* v. *Bankers' Fire Relief Assn.*, 66 Or. 388, 393, 394 (133 Pac. 1183, 134 Pac. 1033). The principle announced in the Allesina and Arthur cases is still regarded as sound wherever applicable. We think that the principle is controlling in this case, and that the lower court did not err in denying plaintiff's motion for a directed verdict.

The instructions requested by plaintiff did not recognize the principles of the law of waiver hereinbefore set forth. While they correctly stated the general principle that a contract within the statute of frauds cannot be varied by parol, they would have misled the jury and were properly refused. The evidence admitted over the objection of plaintiff tended to prove the waiver which the defendant was entitled to prove, and the court did not err in admitting the testimony. The judgment is affirmed.

AFFIRMED.    REHEARING DENIED.