[Civ. No. 4769. First Appellate District, Division Two.—December 12, 1923.]

## C. J. CRAWFORD, Appellant, v. W. C. KENNEDY, Respondent.

[1] BROKER'S COMMISSIONS—ORAL AGREEMENT—STATUTE OF FRAUDS.—Where an owner of real property orally appoints a duly licensed real estate broker as his agent to obtain for him a purchaser for said property, orally promising said broker that if he should obtain a purchaser therefor at a price and upon terms acceptable to such owner, the latter will pay him the reasonable value of such services, and thereupon and pursuant to such understanding the broker obtains such a purchaser, to whom the owner sells, such oral contract does not meet the requirements of the Statute of Frauds and is unenforceable.

[2] ID.—SUBSEQUENT LETTER—INDEFINITE CONTRACT.—A letter written by the vendor to said broker, subsequent to the finding of the purchaser pursuant to such unenforceable oral understanding, wherein the vendor stated, "You may keep this letter to show that I am indebted to you. I cannot state the amount as that is to be settled between us, but you know me well enough to know that it will be settled satisfactorily," does not amount to a contract enforceable by the courts, because its terms are too indefinite.

APPEAL from a judgment of the Superior Court of Fresno County. D. A. Cashin, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. K. Bonestell for Appellant.

Everts, Ewing, Wild & Everts and S. P. Coy for Respondent.

LANGDON, P. J.—This appeal is by the plaintiff from a judgment against him in an action brought to recover $5,250, the alleged reasonable value of plaintiff's services in negotiating a sale of real property owned by the defendant.

---

1. Necessity that agent's authority to purchase or sell real property be in writing, to enable him to recover compensation for his services, notes, 13 Ann. Cas. 977; Ann. Cas. 1915A, 1133; 44 L. R. A. 601; 9 L. R. A. (N. S.) 933.

[1]   It was alleged and found by the trial court that prior to June 1, 1920, the plaintiff was a duly licensed real estate broker engaged in business as such in the county of Fresno, state of California; that in January, 1920, defendant orally appointed plaintiff his agent to obtain for him a purchaser of certain real property situated in said county and state, orally promising plaintiff that if plaintiff should obtain a purchaser therefor at a price and upon terms acceptable to defendant, defendant would pay plaintiff the reasonable value of such services; that thereupon, and pursuant to said understanding, · plaintiff obtained such purchaser, to whom defendant sold said real property for the sum of $105,000, which amount was acceptable to defendant. That thereafter defendant orally agreed to pay plaintiff the reasonable value of his services, and subsequent to said sale, and on June 26, 1920, defendants executed and delivered to plaintiff a written memorandum in words and figures as follows:

"San Francisco, June 26, 1920.

"Mr. Crawford, Fresno.

"Dear Sir:

"I received a letter from my daughter this morning in which she stated that you would like to have a writing from me. All I can say is that you may keep this letter to show that I am indebted to you. I cannot state the amount as that is to be settled between us, but you know me well enough to know. that it will be settled satisfactorily. I expect to leave here in a day or so as I am tired of hearing anything regarding business. Every one seems to think we made a fine sale and all I can say is that I am glad I am out of it.

"Yours truly,

"(Signed) W. C. KENNEDY."

The judgment for the defendant was reached upon the assumption that the above-quoted letter did not constitute an enforceable contract against the defendant. Appellant takes the position that he is not relying upon this letter as a contract of employment, but that he is entitled to recover upon it as a promise by the defendant supported by the consideration of the past services of plaintiff in producing the purchaser for the land. The cases of *Muir* v. *Kane*, 55 Wash. 131 [19 Ann. Cas. 1180, 26 L. R. A. (N. S.) 519, 104 Pac. 153]; *Mohr* v. *Rickgauer*, 82 Neb. 398 [26 L. R. A.

(N. S.) 933, 117 N. W. 50] ; *Bagaeff* v. *Prokopik,* 212 Mich. 265 [17 A. L. R. 1292, 180 N. W. 427] ; *Carrington* v. *Smithers,* 26 Cal. App. 460 [147 Pac. 225], and those cited in the note to *Resk* v. *Norman,* 17 A. L. R. 1353, are relied upon by appellant. They announce the rule that where services have been rendered with the intention that they shall be paid for, but because there exists no written contract between the parties, payment for such services cannot be enforced, but the party receiving the benefit of the services, after their rendition, promises, in writing, to pay therefor, his moral obligation to pay for what he has received previously furnishes a consideration to support the subsequent promise to pay. Conceding to the appellant that the above rule is established in many jurisdictions, including California (*Carrington* v. *Smithers,* 26 Cal. App. 460 [147 Pac. 225]), does not settle the question involved here. It merely advances the question to a point where we have a consideration sufficient to support any contract which the defendant may have made, and we must examine the alleged contract to see if it is sufficiently definite to be enforceable. We think it is obvious that the letter above quoted does not amount to an enforceable agreement. It does not promise to pay the reasonable value of services. It does not mention any services nor the nature of any indebtedness; it does not state the amount of the indebtedness nor any method by which it could be computed. To say that the amount "will be settled satisfactorily" does not furnish a basis for judicial computation.

The oral contract between plaintiff and defendant was unenforceable because it did not meet the requirements of section 1973 of the Code of Civil Procedure, and section 1624 of the Civil Code, subdivision 6. **[2]** The subsequent letter, based upon the consideration of the services rendered under the unenforceable agreement, does not amount to a contract enforceable by the courts, because its terms are too indefinite.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 6, 1924.