Argued March 28, affirmed May 31, 1956

HEARN *v.* MAY ET AL
298 P. 2d 177

E. B. *Sahlstrom* argued the cause for appellant. On the brief were Thompson & Sahlstrom, Eugene.

W. P. *Riddlesbarger,* Eugene, argued the cause and filed a brief for respondents.

Before WARNER, Chief Justice, and TOOZE, LUSK and BRAND, Justices.

### TOOZE, J.

This is an action for damages for the alleged breach of an oral contract, brought by Edward J. Hearn, as plaintiff, against V. C. May and Roy C. Mead, copartners, dba May & Mead Company, as defendants. Defendants' general demurrer to plaintiff's second amended complaint was sustained by the trial court

and, plaintiff having failed to plead further, judgment was entered in favor of defendants. Plaintiff appeals.

Plaintiff's original complaint, to which a general demurrer was sustained, attempted to state a cause of action at law for damages. His first amended complaint, to which a motion to strike portions thereof was filed and sustained, also attempted to state a cause of action at law for damages. His second and final amended complaint assumed to state a cause of suit in equity. The essential allegations of both the first and second amended complaints are the same, except that in the second amended complaint plaintiff added the following allegation: "That the plaintiff has no plain, speedy or adequate remedy at law."

The only relief prayed for in the second amended complaint is a judgment for damages for the alleged breach of the oral contract. No ground for equitable jurisdiction is pleaded in the complaint, nor is any equitable relief prayed for. Merely to allege that plaintiff does not have a plain, speedy or adequate remedy at law cannot have the effect of changing a law action into a suit in equity. That allegation is a mere conclusion. To grant legal relief as an incident to equitable jurisdiction, it is necessary not only that the complaint state a cause of suit in equity, but also that the proof establish a matter of equitable cognizance. In *Powell et al. v. Sheets et al.*, 196 Or 682, 696, 251 P2d 108, the applicable rule is stated as follows:

> "It is a general rule of equitable jurisprudence that, where the court has assumed jurisdiction for one purpose, it will retain it for all purposes, legal and equitable, connected with the principal controversy; but the rule is permissive rather than peremptory and will not be applied so as to defeat fundamental rights of litigants or to violate the

basic doctrines of pleading; *and it may not be invoked where no ground of equitable jurisdiction has first been asserted and established."* (Italics ours.)

The oral contract, for the alleged breach of which plaintiff asks damages in the sum of $316,843, is set forth in plaintiff's second amended complaint as follows:

*"That on or about June 30, 1952,* the Plaintiff and Defendants entered into an oral contract wherein it was agreed that Plaintiff would leave his employment as Superintendent of Standard Stations, Inc., for the Eugene area and enter the employment of the Defendants as general superintendent at a monthly salary of Five Hundred Dollars ($500.00) per month plus fifteen per cent (15%) of the net profits of May & Mead Company for a total period of one year. It was further agreed at that time that Plaintiff was to receive a company demonstrator Chrysler automobile, together with a Standard Oil Company credit card, all for the use of Plaintiff.

"It was further agreed that at the expiration of *one year from the commencement of the employment on September 2, 1952,* that Defendants would sell to Plaintiff and Plaintiff would buy from Defendants forty-nine per cent (49%) of their partnership interest in May and Mead Company at the then book value to be paid for by the Plaintiff from company profits. That at the end of the next five year period, the Defendants would then sell to Plaintiff and Plaintiff agreed to buy the remaining fifty-one per cent (51%) interest of the Defendants in May & Mead Company at book value to be paid for by Plaintiff from company profits. (Italics ours.)

It will be observed that the contract was entered into on June 30, 1952, but performance thereof by plaintiff was not to commence until three months later,

on September 2, 1952, and was to continue for one year thereafter before plaintiff would buy and defendants would sell a 49 per cent interest in the business. The complaint alleges that plaintiff's employment was terminated by defendants at the end of five months of service. The damages plaintiff demands are for loss of alleged profits which he alleges he would have made had he been permitted to purchase the business in accordance with the oral agreement.

On the face of the complaint it appears that the oral contract is one that cannot be performed within a year from the making thereof; i.e., within a year from June 30, 1952. ORS 41.580, in part, provides:

"In the following cases the agreement is void unless it, or some note or memorandum thereof, expressing the consideration, is in writing and subscribed by the party to be charged, or by his lawfully authorized agent; evidence, therefore, of the agreement shall not be received other than the writing, or secondary evidence of its contents in the cases prescribed by law:

"(1) An agreement that by its terms is not to be performed within a year from the making."

The oral contract upon which plaintiff bases his claim is void under the statute of frauds. Being a void contract, it is axiomatic that no action for damages will lie for its alleged breach. It is well established in this state that if the contract pleaded does not meet with the requirements of the above statute, it is a nullity in all respect and for all purposes. *Webster et ux. v. Harris*, 189 Or 671, 678, 222 P2d 644.

Evidently in an attempt to avoid the effect of the statute of frauds and to give the matter some semblance of an equitable character, plaintiff in paragraph III of his second amended complaint pleaded certain acts

which he alleges were performed as acts of part performance of the oral contract, and which he states are directly referrable to the contract and in furtherance thereof. Based upon these alleged acts of part performance, plaintiff asserts that defendants are estopped to set up the statute of frauds in defense to his claim.

The allegations of alleged part performance are wholly immaterial in this case. The same allegations were properly stricken from plaintiff's first amended complaint on motion of defendants. These allegations of part performance could not and did not have the effect of changing the nature of the cause from one at law to one in equity. It remained an action at law for damages.

■ Part performance as a defense against the application of the statute of frauds to an oral contract is purely of equitable cognizance; it is an equitable doctrine. The doctrine is discussed in *Johnson v. Upper,* 38 Wash 693, 80 P 801, as follows:

"'* * * It rests upon the principle of fraud, and is invoked in those cases where a contract is entered into in good faith, and the plaintiff, relying upon the contract, and in pursuance of it, takes possession of property with the consent of the grantor, and makes expenditures on account thereof, or improves the same, or changes his relation with the grantor, so that a refusal to carry out the contract would result in manifest fraud, injustice, or oppression. 2 Warvelle, Vendors, (2d ed.), § 764 et seq. Contracts of this kind, *which are void in law, and not enforceable in a court of law,* are maintained in equity upon the equitable doctrine of fraud and estoppel, because the 'defendant is really "charged" upon the equities resulting from the acts done in execution of the contract, and not (within

the meaning of the statute) upon the contract itself.' ''   (Italics ours.)

In *Howland v. Iron Fireman Mfg. Co.*, 188 Or 230, 308, 213 P2d 177, 215 P2d 380, Mr. Justice BRAND, in speaking for the court, said:

"The relevant statute is O.C.L.A., § 2-909 [ORS 41.580]. That section provides that such oral contracts are void unless there is a note or memorandum in writing satisfying the statutory requirements. There is not a word in the statute concerning part performance or suggesting that such cases may be taken out of the operation of the statute and enforced in equity."

Also see *White v. McKnight*, 146 SC 59, 143 SE 552, 59 ALR 1297, and note commencing at page 1305.

■ Defendants rely in large part upon our decision in *Meads v. Stott*, 193 Or 509, 238 P2d 256, 239 P2d 594. That was a suit in equity to dissolve a partnership and for an accounting. There is very little in common between that case and the cause of action attempted to be alleged in plaintiff's complaint in this litigation. There are many distinctions which might be pointed out, but the most important one is that in *Meads v. Stott* a cause of suit in equity was not only alleged but also was established by the evidence, whereas in this case there is nothing whatever in the second amended complaint which might vest the court with equitable jurisdiction.

The demurrer to the second amended complaint was properly sustained.

The judgment is affirmed.