Argued September 7, reversed and remanded December 29, 1972

# STEVENS, *Appellant, v.* GOOD SAMARITAN HOSPITAL AND MEDICAL CENTER, *Respondent.*

504 P2d 749

*Graham Walker,* Portland, argued the cause for appellant. With him on the briefs was Robert L. Olson, Portland.

*Ridgway K. Foley, Jr.,* Portland, argued the cause for respondent. With him on the brief were Souther, Spaulding, Kinsey, Williamson & Schwabe and Robert G. Simpson, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN, HOWELL and BRYSON, Justices.

DENECKE, J.

The plaintiff filed a complaint alleging that the defendant hospital had agreed orally to hire him as

an engineer at the rate of $10,200 per year for not less than 15 years. He further alleged that defendant discharged him after five years to his monetary damage. Defendant filed a demurrer which was sustained and plaintiff appeals.

■■ The ground of defendant's demurrer was that the complaint failed to state a cause of action. Defendant contends that the oral contract cannot be enforced because any evidence of the oral agreement would be excluded by the parol evidence rule. ORS 41.740. The complaint alleged that certain terms of the employment contract were memorialized in a collective bargaining agreement, but other terms were orally agreed upon between the parties to this proceeding. This is an allegation of an unintegrated agreement; therefore, the parol evidence rule does not apply.

The principal ground of the demurrer was that the alleged oral agreement was not to be performed within a year and, therefore, came within the purview of the statute of frauds and is void.

ORS 41.580 provides:

"In the following cases the agreement is void unless it, or some note or memorandum thereof, expressing the consideration, is in writing and subscribed by the party to be charged, or by his lawfully authorized agent; evidence, therefore, of the agreement shall not be received other than the writing, or secondary evidence of its contents in the cases prescribed by law:

"(1) An agreement that by its terms is not to be performed within a year from the making."

The defendant contends that the statute must be applied literally. It points out that we have previously

stated: "This court has held that this section of the code means exactly what it says." *Webster v. Harris,* 189 Or 671, 678, 222 P2d 644 (1950).

■ Despite this statement, neither this court nor others, English or American, have applied the statute of frauds in a literal manner. Professor Corbin observed: "Like the United States Constitution, the statute of frauds is the product not only of those who drafted and enacted it, but also of those who have interpreted and applied it." 2 Corbin, Contracts, § 279, p 386 (1955).

■ We have followed well-recognized interpretations of the statute which are not in accord with the literal language. An example of this is the frequent use of the doctrine of part performance. That doctrine is that a contract which would be void under a literal interpretation of the statute of frauds is rendered enforcible if the party has partially performed the oral contract.

The court said in *Howland v. Iron Fireman Mfg. Co.,* 188 Or 230, 308, 213 P2d 177, 215 P2d 380 (1950):

> "* * * There is not a word in the statute concerning part performance or suggesting that such cases may be taken out of the operation of the statute and enforced in equity. Courts of equity have developed a body of judge-made law under which relief is granted, notwithstanding the statute, upon the theory that equity will not permit the statute of frauds to become the instrument for the perpetration of fraud. * * *."

Another qualification of the statute is urged here. The plaintiff alleged that in reliance upon defendant's oral promise to employ him for 15 years, he, with the defendant's knowledge, abandoned a lucrative business. As the parties argued, this is a form of estoppel.

■ Williston states that estoppel may defeat the defense of the statute of frauds:

"Where one has acted to his detriment solely in reliance on an oral agreement, an estoppel may be raised to defeat the defense of the Statute of Frauds. This is based upon the principle established in equity, and applying in every transaction where the Statute is invoked, that the Statute of Frauds, having been enacted for the purpose of preventing fraud, shall not be made the instrument of shielding, protecting, or aiding the party who relies upon it in the perpetration of a fraud or in the consummation of a fraudulent scheme. * * *." 3 Williston, Contracts (3d ed), § 533A, p 796.

This court has recognized this principle and Williston cites some of our decisions in support of the statement above quoted.

In *Neppach v. Or. & Cal. R. R. Co.*, 46 Or 374, 80 P 482 (1905), the plaintiff contracted to buy land from the railroad. The plaintiff agreed to pay the balance in yearly installments. There was litigation with another party over whether the railroad owned the land. According to plaintiff, when the date of the yearly payment arrived he and the railroad orally agreed that the time for payment would be postponed until the litigation was terminated and that in reliance on this promise plaintiff did not make the payments. When it was finally adjudged that the railroad owned the property, plaintiff tendered the payments. The railroad refused to accept them on the ground that plaintiff had not paid on time and, therefore, plaintiff's rights had been forfeited. The court assumed the oral agreement to extend the time of payment was within the statute of frauds, but held, however, that

the contract was enforcible. Mr. Justice ROBERT BEAN, speaking for the court, stated:

"* * * The statute of frauds may not be invoked to perpetrate a fraud, nor will a party be permitted to insist upon the statute to protect him in the enjoyment of advantages procured from another, who, relying on an oral agreement, has acted and placed himself in a situation in which he must suffer wrong and injustice if the agreement is not enforced. * * *." 49 Or at 397.

In *Rogers v. Maloney*, 85 Or 61, 165 P 357 (1917), the court, citing *Neppach v. Or. & Cal. R. R. Co.*, supra (46 Or 374), likewise held the defendant was estopped to set up the statute of frauds. It quoted with approval *Seymour v. Oelrichs*, 156 Cal 782, 106 P 88 (1910), a leading case for the proposition that a party can be estopped from setting up the statute of frauds as a defense. The California case was an action for a breach of an oral contract to employ plaintiff for ten years.

This court's most recent decision which deals with the present issue and relies upon the above-cited cases is *United Farm Agency v. McFarland*, 243 Or 124, 411 P2d 1017 (1966). In that case the defendant listed his ranch with the plaintiff broker for sale at a price of $57,000 with a down payment of $24,000. The broker got an offer of $55,000 with a down payment of $12,000. Defendant testified he was not willing to sell on these terms. The broker, however, orally promised that if the defendant accepted the offer, the broker would accept his commission by yearly payments of $800. In reliance on this promise the defendant accepted.

A majority of the court held that plaintiff was estopped from asserting the statute of frauds:

"The controlling question, therefore, is whether

plaintiff is estopped to rely on the statute of frauds. Our decisions recognize the rule that if a modification of a written contract by parol has been acted on by the parties and the position of one of them has been changed for the worse in reliance on the modification, the other party will be denied the right to set up the statute of frauds and stand on the original agreement. * * *." 243 Or at 130-131.

The court found all of the elements of estoppel present. Defendant relied upon plaintiff's oral promise and defendant was damaged thereby because he did not get the price or the down payment he wanted. Mr. Justice Lusk dissented, but only upon the ground that the defendant had shown no substantial pecuniary loss because of his reliance. In the instant case the plaintiff alleged facts which would permit evidence to be admitted of all the elements of estoppel, including a substantial pecuniary loss because of his reliance.

The defendant contends that *Hearn v. May,* 207 Or 514, 298 P2d 177 (1956), is dispositive of the present case. The court held in that decision that in an action for damages for breach of an employment contract the plaintiff could not circumvent the statute of frauds by alleging acts of part performance because the doctrine of part performance is solely of equitable cognizance. The defendant particularly relies upon the court's statement:

"* * * Based upon these alleged acts of part performance, plaintiff asserts that defendants are estopped to set up the statute of frauds in defense to his claim." 207 Or at 519.

■ As we pointed out in *Luckey v. Deatsman,* 217 Or 628, 633, 343 P2d 723 (1959), the doctrine of part performance rests upon something more than the theory of equitable estoppel:

"* * * Although we have said in some of our

cases that the doctrine of part performance rests upon the theory of equitable estoppel, it would be more accurate to state the doctrine more broadly and recognize that the terms of an oral agreement will be enforced (1) if there is conduct corroborating and unequivocally referable to the oral agreement sufficient to satisfy the policy of the statute designed to minimize perjured claims and the opportunities for fraud, and (2) if there are equitable grounds for enforcing the contract whether those grounds are found in facts establishing the basis for a true estoppel or in facts justifying the avoidance of unjust enrichment or relief from fraud. * * *." 217 Or at 633.

■ Estoppel is cognizable at law:

"Although estoppel is largely a creature of equity, the law courts, upon adopting it, proceeded to enforce it under the rules which govern legal remedies: * * *." *Comer v. World Insurance Co.,* 212 Or 105, 121, 318 P2d 916 (1957).

*Neppach v. Or. & Cal. R. R. Co.,* supra (46 Or 374), and *United Farm Agency v. McFarland,* supra (243 Or 124), were both law actions in which we held a party was estopped from asserting the statute of frauds.

■ We hold that the allegations of the complaint are sufficient to take the agreement out of the statute of frauds.

Reversed and remanded.

McALLISTER, J., dissenting.

I believe the majority's decision undermines the purposes served by the Statute of Frauds, and in so doing sets a very undesirable precedent. It provides a means for any disgruntled employee who has been discharged to bring his employer into court to defend against allegations of an oral long-term employment

contract. The employee, to state a cause of action, need only allege that he left another job in order to take the position from which he was discharged.

I agree with the majority that this court has adopted the principle that reliance by a promisee, to his detriment, on an oral agreement may in a proper case prevent the promisor from relying on the Statute of Frauds. Moreover, I believe the principle, when properly applied to prevent injustice, to be a salutary one. I do not disagree with its application in the cases relied on in the majority opinion. In *United Farm Agency v. McFarland,* 243 Or 124, 411 P2d 1017 (1966) the fact of an oral modification was admitted in the pleadings, although the precise terms were in dispute. In *Rogers v. Maloney,* 85 Or 61, 165 P 357 (1917) the jury could have found, from evidence of affirmative acts, that one party had waived a condition precedent to the effectiveness of a written agreement. In *Neppach v. Or. & Cal. R.R. Co.,* 46 Or 374, 80 P 482 (1905) the seller, for its own benefit, sought a delay in the performance of the contract and orally waived the term specifying the time for installment payments. The court very properly refused to permit the defendant, by invoking the Statute of Frauds, to deny the validity of the waiver and to treat the contract as forfeited.

In employment contract cases, however, I would not accept the mere allegation that the plaintiff gave up a prior position in order to take the job in question as sufficient to state a cause of action on an oral agreement which is otherwise within the Statute. It is quite common for employees to move from job to job, leaving one position only when another has been secured. Without a showing of special circumstances, I would not require an employer to defend an action which

pits his word against that of a discharged employee concerning an agreement which the Statute of Frauds requires to be in writing. The Statute was designed to prevent just such situations. The majority, without adequate justification, has opened the door to fraud in a large class of cases. I dissent.

BRYSON, J., joins in this dissent.