Argued December 1, 1978, affirmed in part, reversed in part, and remanded with instructions April 30, reconsideration denied June 5, petition for review denied 287 Or 149 (1979)

RALSTON, et ux, *Respondents,*

*v.*

SPOOR, et ux, *Appellants.*

(No. 49536, CA 10738)

593 P2d 1285

T. W. Churchill, Salem, argued the cause for appellants. With him on the briefs was Churchill & Leonard, Salem.

James G. Nelson, Albany, argued the cause for respondents. With him on the brief was Goode, Goode, Decker, Beckham & Nelson, P.C., Albany.

Before Schwab, Chief Judge, and Thornton, Buttler and Joseph, Judges.

THORNTON, J.

**THORNTON, J.**

Defendants appeal from a determination that they are liable in damages for failure to carry out terms of an earnest money contract by which they agreed to sell certain property.

In May 1976 defendants agreed to sell their 85-acre farm. The earnest money contract by which said agreement was memorialized contained the following provision:

> "Seller to provide prior to closing a lease of 55 acres at $90 per acre for a five year term."

By mutual agreement the five-year term was revised to a two-year term. The property was sold and escrow closed in September 1976. No lease was provided. Plaintiffs sued on the contract.

Defendants first claim that the agreement to provide a lease is insufficiently specific to be enforceable under the Statute of Frauds.

In *High v. Davis*, 283 Or 315, 584 P2d 725 (1978), the Supreme Court notes that when, as here, it becomes clear from extrinsic evidence that a description in the writing sought to be enforced could apply to more than one discrete parcel, no parol evidence is admissible to show which parcel was intended, to supply the specificity required by the Statute of Frauds. 283 Or at 324-25. The requirements of the Statute of Frauds, however, apply to "[a]n agreement for the leasing for a longer period than one year * * * of real property * * *." ORS 41.580(5). Here, the agreement was not to lease the subject property for two years, but to provide a lease therefor, and the agreement was not the focus of the contract but merely a makeweight to sweeten the deal for the purchasers. Hence, the specificity requirements of the Statute are inapplicable. Plaintiff Allen Ralston testified that defendant Daniel Spoor said that only 55 acres of the property were agricultural land suitable for leasing. The provision was sufficiently specific.

[885]

■ Defendants also argue that the price and period of lease are insufficiently specific. However, the trial court could fairly infer from the testimony that the $90 was yearly rental, and that since the lease was to be provided upon closing, it was to run for two years from closing.

■ Defendants further contend that the trial court improperly determined mitigation of damages. The trial court determined that the lease to be provided was to run from September 1976 to September 1978 at $90 per acre per year. Plaintiffs obtained lessees, paying $70 per acre, in February 1978. Defendants argue that since the earnest money agreement contemplated a lease with a two-year term, they should be liable for only $25 per acre for the entire second year that the lease was to run, since plaintiffs obtained a lessee partway through that year. Defendants may not take advantage of the fact that plaintiffs were unable to find lessees until one-third of the second year of the period had elapsed. The trial court was correct in determining that since the lease was not entered until eight months before the end of the period for which defendants were to provide a lease, defendants were entitled to only eight months' credit, determined by prorating the lease obtained.

■ Defendants also claim that plaintiffs should be charged with $55 rental from the fall of 1976, when they found a willing lessee at that price. Plaintiffs testified that defendants told plaintiffs not to enter such a lease as it was too low a rate for the land. Defendants are, therefore, estopped from claiming the resultant failure to mitigate. Nor do we agree with defendants' argument that it was the farming year rather than the calendar year that should govern in determining mitigation of damages. We can find no basis in the record for this. The lease actually entered into was to run from January to December.

Defendants' primary contention is that the earnest money provision merged with the deed and is no longer

enforceable independent of the deed provisions. Further, they contend that because the deed did not incorporate any covenant to lease, defendants are released from that obligation.

The doctrine of merger by deed has undergone considerable dilution in recent years, and it is apparent that it has little force left as an independent doctrine of law.

> " * * * The assertion that a deed merges an antecedent agreement is but another way of stating that parol and other extrinsic evidence is not admissible to vary an unambiguous writing.
>
> "As we have observed in previous cases, the parol evidence rule is a rule of integration; 'The rule closes the door to proof only as to those aspects of the bargain which the parties intended to memorialize in the writing,' and '[w]hether the parties intended to integrate their agreement in the writing is a question of fact in each case.'" *Land Reclamation v. Riverside Corp.*, 261 Or 180, 182-83, 492 P2d 263 (1972). (Footnotes omitted.)

■ What appears to remain from the doctrine, however, is an anomalous placement of the burden of proof. Although merger by deed is an affirmative defense, the party wishing to demonstrate that the deed is not a complete integration of the parties' intentions, normally the plaintiff, carries the burden. *Cox v. Bowman et ux*, 213 Or 154, 323 P2d 60 (1958); *Smith v. Vehrs*, 194 Or 492, 242 P2d 586 (1952).

Here the trial court held:

> " * * * And the Court's factual finding is that the merger and waiver have not been proven. There is a failure of proof on the part of the defendants in regard to these affirmative defenses."

Plaintiffs concede the error but contend that it was harmless. We cannot agree.

Paragraph IV of defendants' first affirmative defense, filed with their answer, alleged:

> "That if there was any agreement to provide an alleged leasehold, the acceptance of the deed of

[887]

conveyance from Defendants to Plaintiffs discharged the contractual duty of Defendants to Plaintiffs to provide said alleged leasehold."

Plaintiffs filed a reply which, on proper motion, was stricken as irrelevant, contradictory and frivolous. Plaintiffs then filed an amended reply which responded to the affirmative defense as follows:

"Plaintiffs admit Paragraphs I, II and IV of defendants' first affirmative defense and deny each and every other allegation thereof."

Defendants then moved for summary judgment, which was denied. The cause went to trial, and upon an attempt by plaintiffs to adduce evidence regarding the intentions of the parties in relation to the lease provision surviving the deed, defendants objected on the ground that the merger had been admitted, and therefore was no longer an issue in the trial. The objection was overruled. At the close of plaintiffs' case defendants moved for involuntary nonsuit on the ground that the burden of proof was on plaintiffs to show lack of merger, and that the merger issue was conclusively decided by the plaintiffs' admission. The motion was denied. After the parties had rested, defendants again argued that the case was controlled by plaintiffs' admission. At that point, for the first time, plaintiffs moved to amend their reply to conform to the proof. It was plaintiffs' theory that the defendants had failed to put forth any proof of merger. The amendment was allowed and judgment was entered for plaintiffs. Out of this course of events defendants cite three errors: failure to grant the motion for summary judgment, failure to grant the motion for involuntary nonsuit, and allowance of the motion to amend the reply.

■■ Because of the liberal discretion invested in the trial court to allow amendment of pleadings, *Engelcke v. Stoehsler*, 273 Or 937, 544 P2d 582 (1975); *Marquam Investment Corp. v. Myers*, 35 Or App 23, 581 P2d 545, *rev den* (1978), we are loath to hold that the court's

allowance of the amendment was error. Of course, if allowance of the amendment was not error, disallowance of the previous motions was, at most, harmless error. An admission in the pleadings is a waiver of all controversy on the matter admitted, *Borgert v. Spurling et al.*, 191 Or 344, 230 P2d 183 (1951); additional evidence is superfluous. However, an amended pleading will render the admission in the superseded pleading merely usable as evidence, rather than as a binding admission. *Yates v. Large*, 284 OR 217, 223, 585 P2d 697 (1978).

■  Defendants could have asked to reopen, to introduce the superseded reply or any other evidence of merger they might have. They did not, however, and there is no indication that they had further evidence to present on the issue of merger. Thus there is no indication that the court's allowing the removal of an apparently inadvertent admission prejudiced the defendants in the presentation of their case. Allowance of the amendment was not error.

■  In conclusion, as already discussed, the trial court was under a misperception as to the burden of proof on the issue of merger by deed. Plaintiffs had this burden, not defendants. It is impossible for this court to say whether the trial court's misperception of the burden of proof may have skewed the result here. However, this error does not, we think, require that the entire case be retried. Instead, we believe that the case should be remanded for reconsideration by the court on this one issue. Accordingly, we remand for a redetermination of this issue, namely: Did plaintiffs establish by a preponderance of the evidence that there was no merger by deed?

Affirmed in part, reversed in part, and remanded with instructions.