# IN THE OREGON TAX COURT

## MENDELSON
*v.*
## DEPARTMENT OF REVENUE
(TC 1439)

Michael B. Mendelson, plaintiff, appeared on his own behalf.

Alfred B. Thomas, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for plaintiff rendered March 24, 1981.

**CARLISLE B. ROBERTS, Judge.**

Plaintiff appealed from defendant's Order No. VL 80-161, affirming the county assessor's action which terminated a war veteran's property tax exemption for the tax year 1977-1978.

On September 2, 1977, the plaintiff entered into an earnest money agreement for the purchase of property which

carried a valid veteran's tax exemption of $7,500 of the value. ORS 307.250. The agreement was contingent upon the plaintiff's obtaining an Oregon veteran's home loan in the sum of $38,000. At that time, the parties knew that the loan limit, per ORS 407.040, was $35,000, but this was to be increased to $42,500, effective October 4, 1977, by 1977 Or Laws ch 676, § 3.

The plaintiff, representing himself, alleged that his earnest money agreement was not a contract of sale until the condition precedent was satisfied on October 21, 1977, when the veteran's loan for $38,000 was granted.

The defendant contended that the property at issue was sold when the earnest money agreement was signed by the seller on September 2, 1977, and therefore the exemption terminated by operation of law pursuant to ORS 307.290, which read:

"In the event any of the following conditions occur *before the assessment roll of any year becomes a tax roll,* the exemption otherwise allowable under ORS 307.250 shall terminate and not be allowed on such roll:

"(1) If the veteran or *widow sells or contracts to sell* the property designated for the exemption * * *." (Emphasis supplied.)

ORS 307.290 was repealed by 1977 Or Laws ch 113, § 2, with an effective date of October 4, 1977. On this same date an amendment to ORS 307.270 became law, providing that:

"(2) If a valid * * * claim for [veteran's or widow's] exemption has been filed [by July 1] and thereafter * * * any property for which the exemption is claimed is sold * * * the exemption shall continue for the entire tax year for which filed."

The undisputed timetable of events in the instant case is as follows:

7-26-1977    1977 Or Laws ch 676 was enacted, authorizing Oregon Department of Veterans' Affairs to increase its home loan ceiling from $35,000 to $42,500, effective October 4, 1977.

9-1-1977    Buyer's earnest money agreement accepted by seller.

10-4-1977    ORS 307.290 repealed. ORS 307.270 amended. ORS 407.040 amended to raise loan ceiling to $42,500.

10-14-1977    Assessment roll became the tax roll.

10-21-1977    Veteran's loan granted plaintiff.

10-29-1977    Date set for delivering physical possession of property to buyer.

11-9-1977    Sale "closed" and deed recorded.

12-5-1977    County assessor caused the tax roll to be amended to show termination of veteran's exemption.

10-15-1978    Plaintiff received notice of delinquent taxes and removal of exemption.

■ The parties to a contract, of course, may impose any condition precedent to which they mutually agree, the performance of which is essential before they become bound by the agreement. In other words, there may be a condition precedent to the *existence* of an enforceable contract. An "earnest money agreement" may represent a completed agreement of the parties or it may be only a sealing of the bargain "in a rough form," to be followed by a final contract. *Higgins v. Bonnett,* 282 Or 725, 580 P2d 180 (1978).

■ The Oregon courts have been faced many times with the problem of determining when a valid contract takes place. In 1896, the court found that a contract which rests upon a condition precedent cannot be enforced until the performance of the condition. *Clarno v. Grayson,* 30 Or 111, 46 P 426 (1896).

In *Rogers v. Maloney,* 85 Or 61, 165 P 357 (1917), it was determined that a condition precedent is a condition calling for the performance of some act or happening of some event after the terms of the contract have been agreed upon and before the contract shall take effect.

Another Oregon decision stated:

" '* * * Whether there is a contract depends upon the right of the parties to revoke their promises.' " *Davis et al v. Dunigan et al,* 186 Or 147, 154, 205 P2d 839, 842 (1949).

■ Other decisions hold that agreements are not contracts unless they are enforceable. *Partlow v. Mathews,* 43

Wash2d 398, 261 P2d 394 (1953), *Denver Truck Exchange v. Perryman,* 134 Colo 586, 307 P2d 805 (1957), and *Ross v. Harding,* 64 Wash2d 231, 391 P2d 526 (1964).

In *Perry v. Commission,* 2 OTR 275, 279 (1966), this court quoted McClintock, *Equity* 287 (2d ed 1948):

> " 'Where there is a condition precedent to the binding effect of the contract, the vendor-purchaser relationship does not exist until that condition has been performed, and [equitable] conversion, therefore, does not take place.' "

Mr. John R. Wiseman, Home Manager, Oregon Department of Veterans' Affairs, testifying for the plaintiff, stated that the plaintiff was denied a loan for $38,000 on October 10, 1977, but was subsequently granted it on October 21, 1977. The witness also testified that even though a party is "qualified" for a certain loan, there is no certainty that the department will grant it.

On October 4, 1977, when the repeal of ORS 307.290 and the amended version of ORS 307.270 became effective, the condition precedent had not been satisfied in the instant case. Neither plaintiff nor the vendor could have maintained a suit for specific performance of the offer which was accepted by the vendor September 2, 1977, because of the outstanding condition precedent.

■ The rights of the parties did not become fixed until the Oregon Department of Veterans' Affairs made a loan commitment to the plaintiff on October 21, 1977. At that time, a contract became enforceable and the vendor could have moved for specific performance if the plaintiff had refused to complete the transaction. ORS 307.290 was effectively repealed October 4, 1977, and the amendment to ORS 307.270 was operative when the loan commitment was made. A valid claim for exemption had been filed for the subject property by July 1, 1977, and ORS 307.270(2) mandates that under this circumstance the exemption shall continue for the entire tax year for which filed.

Other issues introduced by the plaintiff need not be decided since the determination of the effective date of the contract of sale is dispositive of plaintiff's appeal.

The defendant's Order No. VL 80-161 is set aside and held for naught. As determined under this decision, any

overpaid taxes for the contested year shall be refunded by the county to the plaintiff, together with statutory interest, pursuant to ORS 311.806 and 311.812.