Argued and submitted July 20, affirmed November 21, 1984

ANGEL,
*Appellant,*

*v.*

REIDER et ux,
*Respondents.*

(A8303-01345; CA A30664)

691 P2d 151

Stephen T. Janik, Portland, argued the cause for appellants. On the brief were Jack L. Orchard, Denise Francis, and Ball, Janik & Novack, Portland.

Joan L. Volpert, Portland, argued the cause for respondents. On the brief were David P. Templeton, and Martin, Bischoff, Templeton, Biggs & Ericsson, Portland.

Before Gillette, Presiding Judge, Joseph, Chief Judge, and Young, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Plaintiff sought specific performance of an oral agreement that purportedly gave him the right of first refusal to purchase real property. Defendants asserted the defense of the Statute of Frauds and successfully moved for summary judgment. We affirm.

Plaintiff is the president and sole shareholder of the corporation that has the Portland franchise for Burger King Restaurants. Defendants, husband and wife, own and operate Elmer's Flag and Banner Company. Plaintiff has purchased flags and banners for his restaurants from defendants since the mid-1970's. Defendants own property adjacent to plaintiff's business headquarters. On several occasions, plaintiff discussed his desire to purchase that property with Mr. Reider. At one point, Mr. Reider told plaintiff that he was willing to sell for $170,000, double his original cost. Plaintiff never offered to pay that amount. In the winter of 1982-83, plaintiff learned that a competitor, McDonald's, was interested in buying the property. Concerned over that possibility, plaintiff contacted Mr. Reider and discussed the property, plaintiff's interest in buying it and his interest in preventing McDonald's from purchasing it.

According to plaintiff, at that January, 1983, meeting, Mr. Reider said, as they were shaking hands,

"You have my word, you have—you absolutely—you don't have to worry, as long as you're doing business with me, you'll never have to worry about me selling to anybody else before I come to you and give you the opportunity to buy the property. If someone comes and makes an offer to me, you can—you can beat that offer. If somebody comes and says they want to buy the property, I'll notify you about that."

Mr. Reider contends that he did not offer plaintiff a right of first refusal on the property and that the "deal" made at that meeting was only to inform plaintiff if McDonald's came to him with an offer. According to Mr. Reider, the purpose of informing plaintiff would be to enable him "to either determine that he wanted to buy [the property] or McDonald's should buy it." In February, 1983, plaintiff learned that Reider had sold the property to McDonald's for about $186,000.

The trial court granted defendants' motion for summary judgment on the basis that, even if there was an oral

contract giving plaintiff a right of first refusal on the property, the Statute of Frauds bars the action.[1] ORS 41.580(5) provides:

> "An agreement * * * for the sale of real property, or of any interest therein * * * is void unless it, or some note or memorandum thereof, expressing the consideration, is in writing and subscribed by the party to be charged * * *."

Plaintiff argues that his part performance of the oral agreement by plaintiff defeats application of the Statute of Frauds. In *Strong v. Hall,* 253 Or 61, 70, 453 P2d 425 (1969), the court held:

> "Partial performance of an oral contract for the sale of real property may impel the court of equity to take the contract out of the statute of frauds and to require that it be specifically enforced, but such part performance must be unequivocally and exclusively referrable to the contract, in the sense that it must, of itself, give rise to an inference of the existence of the contract, and the doing of it must not be susceptible of being otherwise reasonably accounted for, and such part performance must be pursuant to the contract."

■      Plaintiff submits that his purchase of flags and banners from defendants constitutes part performance of their oral agreement. However, plaintiff had purchased from defendants for eight or nine years before the oral agreement in January, 1983, which was allegedly breached in the next month. Plaintiff's purchases from defendants during January and February, 1983, are not unequivocally and exclusively referrable to the agreement as a matter of law and can otherwise reasonably be accounted for without reference to that agreement.

■      Plaintiff also argues that he purchased the materials in reliance on the oral agreement. He contends that, had it not been for that agreement, he would have purchased elsewhere at less cost. A party can be estopped from raising the Statute of Frauds when "one [against whom the statute is asserted] has acted to his detriment solely in reliance on an oral

---

[1] Plaintiff suggests that an agreement for a right of first refusal might not be subject to the Statute of Frauds because the rightholder cannot force the seller to sell, as he could under an option, and that we should characterize the agreement as one *not* for the sale of an interest in land. Plaintiff concedes that the issue was not raised below, and we decline to address it on appeal.

agreement * * *." *Engelcke v. Stoehsler,* 273 Or 937, 944, 544 P2d 582 (1975); *see also Stevens v. Good Samaritan Hosp.,* 264 Or 200, 204-05, 504 P2d 749 (1972). Unlike part peformance, conduct that constitutes reliance need not be unequivocally referrable to the oral agreement. *Engelcke v. Stoehsler, supra.* Nonetheless, the party asserting the estoppel must show that he acted to his substantial detriment *solely* in reliance on an oral agreement. *Engelcke v. Stoehsler, supra; Stevens v. Good Samaritan Hosp., supra.*

In the present case, plaintiff states in an affidavit:

> "Had I not agreed with defendants to purchase all flags from them, I would have purchased some flags from Burger King Corporation, which I have the right to do as a franchisee. Such flags could be purchased through Burger King at prices lower than those charged by defendants."

Plaintiff argues that that statement establishes the element of detrimental reliance or at least creates a question of fact on that issue that makes summary judgment inappropriate. We disagree.

Even if plaintiff could have purchased flags from Burger King at lower prices, he had not historically done that. The purported oral agreement was only in existence for a few weeks. Plaintiff had chosen to purchase the more expensive flags from defendants for eight or nine years. Even though he might have done that with the motive of keeping defendants' good will or for other good and sufficient reasons, the claim that his decision to continue that practice was made *solely* in reliance on the oral agreement does not create a disputed fact question needing resolution by a trier of fact. Any reliance, even if it existed, was so minor that it is not even arguably analogous to a substantial pecuniary loss such as that suffered, for example, by the plaintiff in *Stevens v. Good Samaritan Hosp., supra,* who abandoned a lucrative business in reliance on a 15-year oral employment contract. The trial court in the present case rejected plaintiff's reliance argument for that reason, and we do, too.[2]

---

[2] Plaintiff also argues:

> "In reliance on that agreement, plaintiff backed off from pushing defendants, bidding against himself and negotiating up to an offer that defendants might accept. * * * This is precisely the type of agreement a business person reasonably

Affirmed.[3]

---

could be expected to make and rely upon. * * * It is this detrimental reliance which estops defendants * * *."

Plaintiff cites no authority. That is understandable, for the argument would defeat the Statute of Frauds in nearly every instance.

[3] Mr. Reider asserts that his wife could not be bound by his agreement. In view of our disposition, we need not reach that issue.