## (October 18, 1978)

■ LOUIS FUCHS, on Behalf of Himself as a Shareholder of PINE CREST GARDENS, INC., Respondent, v JOSEPH FUCHS et al., Appellants. (And Three Other Actions.)—In a shareholder's derivative action, which was consolidated with three other actions, Joseph Fuchs and Pine Crest Gardens, Inc.,

appeal from an order of the Supreme Court, Suffolk County, dated April 6, 1978, which granted the motion of Louis Fuchs to restore the actions to the Trial Calendar. Order reversed, on the law, with $50 costs and disbursements, and motion denied. These consolidated actions concern a dispute between two brothers—Louis and Joseph Fuchs—who were equal shareholders of the corporate parties. After five days of trial, the parties reached what they considered to be a settlement and a stipulation of settlement was spread upon the record in open court (see CPLR 2104). The two brothers were sworn and manifested their assent to the agreement, which involved, *inter alia,* the transfer of certain corporate and personal property, including real property. By the terms of the agreement, the actions were "discontinued with prejudice" and the parties agreed to "exchange discontinuances as well as general releases with regard to these actions." The "documents necessary to effectuate [the stipulation] legally" were to be completed within 30 days, unless the time was extended by written agreement. The transfers were never completed and each of the brothers blames the other for the delays. Apparently, the delays were attributable, in part, to the parties' exploration of the tax consequences of different means of accomplishing the transfers. Some five months after the agreement had been reached, the respondent, Louis Fuchs, moved to restore the actions to the Trial Calendar. The motion was granted. Respondent argues that the agreement is voidable under the Statute of Frauds, specifically section 5-701 (subd a, par 1) [agreements not to be performed within one year] and subdivision 1 of section 5-703 [conveyances of real property] of the General Obligations Law. We find no merit to this contention. The stipulation was read into the record in a court convened "to do judicial business" and was imbued with the "formality, publicity, and solemnity of an open court proceeding" (see *Matter of Dolgin Eldert Corp.,* 31 NY2d 1, 5, 10). Moreover, the transcript of the proceedings serves to establish the terms of the settlement and avoid conflicting claims as to what the parties intended (see *Owens v Lombardi,* 41 AD2d 438). We are in agreement with those courts which have held the Statute of Frauds to be inapplicable in these circumstances (see *Owens v Lombardi, supra; Anders v Anders,* 6 AD2d 440; see, also, *Matter of Dolgin Eldert Corp., supra,* p 8, n). Nor do we agree with respondent's contention that the agreement, by its terms, was not to be final until reduced to writing. The oral stipulation was "definite and complete" and not a mere "agreement to agree" at some future time (see *Matter of Dolgin Eldert Corp., supra,* pp 10, 11). It is clear that, under the terms of the agreement, the date of the oral stipulation was regarded as the date of settlement. The fact that certain aspects of the agreement were to be reduced to writing at a later date is not dispositive, since the parties gave "Mutual manifestations of assent that are in themselves sufficient to make a contract" (see Restatement, Contracts, § 26). Accordingly, the stipulation of settlement was effective and the court should not have restored the actions to the Trial Calendar (see *Kraft v Vassilaros & Sons,* 43 AD2d 972). Hopkins, J. P., Latham, Gulotta and O'Connor, JJ., concur.