Argued and submitted June 11, reversed and remanded November 3, 1993

Byard S. MARTIN,
*Respondent,*

*v.*

Henry C. ALLBRITTON,
*Appellant.*

(90-CV-0458-TM; CA A75616)

862 P2d 569

Greg O'Neill argued the cause and filed the briefs for appellant.

Richard Forcum argued the cause for respondent. With him on the brief was Forcum & Speck.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

EDMONDS, J.

**EDMONDS, J.**

Defendant appeals a judgment that denied his counterclaims for quiet title and specific performance and held in favor of plaintiff on his claim of forcible entry and detainer.[1] On *de novo* review, ORS 19.125(3), we reverse.

We make these findings. After separating from his wife in 1986, defendant rented a house for $400 per month from Vesta Kinney. In October, 1988, defendant entered into a written agreement with Kinney in which Kinney granted to defendant the option to buy the rented property for $39,900. The option required that it be exercised before May 15, 1990. Under the terms of the agreement, defendant paid $4,000, which, if he exercised the option, entitled him to assume the encumbrance against the property and to a credit of $45.00 for every month of rent he paid under the lease as well as a credit of $4,000 against the purchase price of the property.

Defendant's wife filed for dissolution of their marriage in December, 1989. Concerned that his wife might be awarded an interest in the property if he exercised the option before the dissolution was final, defendant asked Kinney if she would extend the expiration date of the option. Acting on the advice of her attorney, Kinney refused to extend the option date. However, she offered to sell the property and split the proceeds with defendant. Defendant rejected her offer, and the option continued in effect.

In March, 1990, defendant asked plaintiff if he would exercise the option on behalf of defendant, purchase the property before May 15, 1990, and reconvey the property to

---

[1] As affirmative defenses to plaintiff's FED claim, defendant asserts that he has an interest in the title to the property and that plaintiff would be unjustly enriched if he were to obtain possession and title of the property. Defendant also seeks to quiet title in the property and to specifically enforce plaintiff's oral agreement to reconvey the property.

In his reply, plaintiff asserts as an affirmative defense to defendant's counterclaim to quiet title that plaintiff and his wife are the legal owners of the property. He also asserts four affirmative defenses to defendant's specific performance counterclaim. He alleges that defendant has failed to perform his obligations under the oral agreement, that the terms of the agreement are too uncertain to be enforced, that the oral agreement violates the statute of frauds, and that defendant is precluded from introducing evidence of the oral agreement pursuant to the parole evidence rule. Plaintiff also seeks restitution for the amounts owed by defendant under the agreement on the basis of quasi-contract and unjust enrichment theories.

defendant after the dissolution became final. Defendant offered to pay plaintiff $2,500 as consideration for plaintiff's performance of the oral agreement, payable when plaintiff reconveyed the property to him. Two days later, plaintiff accepted the offer. Plaintiff and defendant executed an earnest money agreement under which defendant assigned the option to plaintiff for $1. Defendant also agreed to pay "all closing costs, taxes, commissions and escrow and recording fees * * * as well as any other costs related to sale of option and financing costs." After the earnest money agreement was signed, plaintiff assumed the mortgage obligation owed by Kinney. Later, defendant signed a rental agreement with plaintiff under which he agreed to pay $500 per month as "rent" for the property. Defendant testified that the "rent" was intended to reimburse plaintiff for the monthly mortgage, tax and insurance payments that plaintiff was making.

Before defendant's dissolution was final, plaintiff decided to sell the house and told defendant that he would have to move. Defendant refused and insisted that plaintiff abide by their oral agreement. Plaintiff denied the existence of the agreement and sent defendant a 30-day eviction notice. When defendant failed to leave, plaintiff brought this FED action, and defendant filed his counterclaims.

The trial court found that the parties entered into an oral agreement to reconvey the property. However, it held that the statute of frauds prevented its enforcement. It ruled in favor of plaintiff, and ordered defendant to vacate the premises and to pay rent for November, 1990, through June, 1992. We also find that the parties entered into an oral agreement that required plaintiff to reconvey the property. We turn to the issue of whether enforcement of the agreement is barred by the statute of frauds.

First, defendant argues that the trial court erred because the statute of frauds does not apply to the parties' oral agreement. He contends that an oral promise to convey property in the future is not within the statute of frauds. ORS 41.580 provides, in part:

"(1) In the following cases the agreement is void unless it or some note or memorandum thereof, expressing consideration, is in writing and subscribed by the party to be charged, or by the lawfully authorized agent of the party;

evidence, therefore, of the agreement shall not be received other than the writing, or secondary evidence of its contents in the cases prescribed by law:

"* * * * *

"(e)  An agreement for the leasing for a longer period than one year, or *for the sale of real property, or of any interest therein.*" (Emphasis supplied.)

Furthermore, ORS 93.020(1) provides:

"No estate or interest in real property, other than a lease for term not exceeding one year, nor any trust or power concerning such property, can be created, transferred or declared otherwise than by operation of law or by a conveyance or other instrument in writing, subscribed by the party creating, transferring or declaring it, * * * and executed with the formalities as are required by law."

In general, an oral agreement to purchase property and, thereafter, to convey an interest in the property to another is unenforceable, because it violates the statute of frauds. *Huffstutter v. Lind*, 250 Or 295, 300, 442 P2d 227 (1968). The statute of frauds is also applicable to promises to convey real property that are dependent on contingencies. *See Share v. Williams et ux*, 204 Or 664, 672-73, 277 P2d 775, 285 P2d 523 (1954); *Abraham v. Kendall*, 69 Or App 341, 686 P2d 428 (1984). Here, defendant seeks to enforce an oral agreement that requires plaintiff to reconvey the property when a future event occurs. That agreement falls squarely within ORS 41.580 and ORS 93.020.

Next, defendant argues that the agreement to reconvey is enforceable, because he has partially performed his obligations under the agreement. In *Strong v. Hall*, 253 Or 61, 70, 453 P2d 425 (1969), the Supreme Court said:

"Partial performance of an oral contract for the sale of real property may impel a court of equity to take the contract out of the statute of frauds and to require that it be specifically enforced, but such *part performance must be unequivocally and exclusively referable to the contract, in the sense that it must not be susceptible of being otherwise reasonably accounted for*, and such part performance must be pursuant to the contract." (Emphasis supplied.)

There, the issue was whether the plaintiffs were tenants or purchasers of real property under an oral agreement. The

court concluded that the facts that the plaintiffs made payments to the defendant, retained possession of the premises and made improvements to the property were "all susceptible of being accounted for as consistent with defendant's contention that plaintiffs were tenants and that such acts do not speak of the purported contract." 253 Or at 72.

Plaintiff argues that an identical analysis controls in this case. He says:

> "Many explanations exist for the assignment of the option to Plaintiff. Only one of the possible explanations is that the assignment was partial performance of the alleged contract. The option was about to expire. Defendant had no financial ability to exercise the option * * *. By assigning the option, Defendant would be assured that he would be able to continue to live in the home. He wanted to be sure that the option would not go back to Vesta Kinney * * *."

We examine the evidence in the light of those arguments. The terms of the earnest money agreement in April, 1990, are the strongest evidence of part performance of the March, 1990, oral agreement to reconvey the property. Defendant had invested more than $4,000 in the property. Kinney testified that the value of the property in March, 1990, was approximately $65,000, a fact that she and defendant had discussed. That meant that, if defendant exercised the option, he would have acquired an equity of approximately $30,000 in the property. Also, there is evidence, albeit conflicting, that defendant was financially able to refinance the property or assume Kinney's loan in March of 1990. As part of the earnest money agreement, defendant also agreed to pay all closing costs, taxes, commissions, escrow and recording fees associated with the sale of the property from Kinney to plaintiff.[2] In the light of those facts, it would have been unreasonable for

---

[2] Plaintiff testified that he did not remember reading the earnest money agreement before signing it, and that he would not have expected defendant to pay those costs. Plaintiff argues that he, not defendant, has paid all costs associated with the purchase of the property. The earnest money agreement is silent as to when defendant was to pay those costs, and defendant testified that he agreed to reimburse plaintiff when the property was reconveyed. On *de novo* review, we are persuaded by defendant's testimony.

Plaintiff also argues that the earnest money agreement is "confusing and ambiguous" and that the costs defendant agreed to pay were merely those associated with the assignment of the option. We disagree. The costs that defendant agreed to pay are costs associated with the sale of property, not with the transfer of an option.

defendant to have conveyed his interest in the property for $1, unless he intended that the property be reconveyed to him.

Also, defendant's lease agreement with Kinney did not expire until October, 1990. Therefore, defendant was assured of remaining on the property until then even if he did not exercise the option. In addition, defendant's payment of increased "rent" after he signed the earnest money agreement is further evidence that suggests that his conduct is referable to an oral agreement to reconvey. In sum, the evidence negates the explanations offered by plaintiff. We hold that defendant's conduct constituted partial performance of the oral agreement.

■ Before a partially performed oral agreement will be enforced, there must be equitable grounds for doing so. *Luckey v. Deatsman*, 217 Or 628, 633, 343 P2d 723 (1959). Those grounds exist here. Failure to enforce the agreement would mean that plaintiff has procured the right to purchase property with an equity of $30,000 for $1. Moreover, after investing more than $4,000 in the property, defendant assigned his option in reliance on plaintiff's promise to reconvey the property in the future. To leave the parties in the *status quo* would be inequitable.

Plaintiff makes two cross-assignments of error. First, he argues that defendant should not be awarded equitable relief, because he comes into court with unclean hands. He says:

> "Defendant's conduct with respect to the option has been deceitful and dishonest. His testimony is clear that his intention was to cheat his former wife out of any interest to which she may have been entitled in the dissolution proceeding. He accomplished this by lying in his testimony in the dissolution trial. Defendant now comes into this proceeding seeking the court's assistance in enforcing an oral agreement that he previously refused to acknowledge in order to cheat his wife."

■ The unclean hands doctrine applies to a broad range of misconduct.

> " '[A] litigant may be denied relief by a court of equity on the ground that his conduct has been inequitable, unfair and dishonest, or fraudulent and deceitful as to the controversy

in issue.' " *Baxter v. Redevco, Inc.*, 279 Or 117, 121, 566 P2d 501 (1977) (quoting 27 Am Jur 2d, "Equity," § 136).

Plaintiff alleges that defendant engaged in misconduct because, when he was asked at the dissolution trial whether he had any real property interests, he testified that he had lost the option and was in possession of the property on a month-to-month tenancy. We agree that that testimony could be sufficient to justify the imposition of the unclean hands doctrine. However, the party asserting unclean hands must prove more than the misconduct.

> " 'The party to a suit, complaining that his opponent is in court with "unclean hands" because of the latter's conduct in the transaction out of which the litigation arose, or with which it is connected, must show *that he himself has been injured by such conduct* to justify the application of the principle to the case.' " *Baxter v. Redevco, Inc., supra*, 279 Or at 121-22 (quoting 2 *Pomeroy's Equity Jurisprudence* 99, § 399 (5th ed 1941)). (Emphasis supplied.)

Here, plaintiff has not been injured by defendant's concealment. Therefore, the doctrine of unclean hands does not apply in this case. *See Rise v. Steckel*, 59 Or App 675, 652 P2d 364, *rev den* 294 Or 212 (1982).

Next, plaintiff contends that ORS 41.580 prevented the trial court from hearing any evidence relating to the parties' oral agreement. The trial court ruled that it would admit all of the evidence about the oral agreement to determine if the statute of frauds applied to bar its enforcement. That was not error.

Although we hold that the enforcement of the oral agreement is not barred by the statute of frauds, we nonetheless remand, because there are other issues raised by plaintiff's defenses to defendant's counterclaims and by plaintiff's counterclaims that must be but were not decided by the trial court. In this opinion, we have only decided that defendant's part performance takes the agreement out of the statute of frauds. We do not decide the other issues.

Reversed and remanded.