Argued and submitted January 18, reversed and remanded June 21, 1995

Geraldine OLTMANNS,
*Respondent,*

*v.*

Frank LEWIS
and Diane Watkins,
*Appellants,*

*and*

Gary SKOVIL,
*Defendant.*

(9306-04047; CA A83119)

898 P2d 772

Robert T. Scherzer argued the cause and filed the brief for appellants.

Eric S. Shilling argued the cause and filed the brief for respondent.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

## RIGGS, P. J.

Plaintiff brought this declaratory judgment action seeking to establish the existence of an easement. Defendants[1] appeal from the grant of summary judgment in favor of plaintiff, arguing that questions of material fact still exist. We reverse and remand.

■ In reviewing a grant of summary judgment, we view the record in the light most favorable to the party opposing summary judgment. Here, plaintiff must establish that there is no issue as to any material fact and that she is entitled to judgment as a matter of law. *Seeborg v. General Motors Corporation*, 284 Or 695, 699, 588 P2d 1100 (1978).

In the spring of 1990, plaintiff arrived home one day to find that a retaining wall separating her property from Skovil's property had collapsed. The wall had been damaged when Skovil drove his truck into his backyard through his side yard. The truck compacted the soil above the retaining wall, causing a 20 to 25-foot section of the 18-inch high wall to bow out and spill onto plaintiff's yard. Skovil met with plaintiff and the two orally agreed to build a common driveway over both their properties so that they would have access to their respective backyards. As part of the agreement, Skovil moved the retaining wall onto plaintiff's property, filled in the area with dirt and removed eight trees from plaintiff's backyard. At that point, Skovil was able to remove his truck from his backyard, where it had been trapped since the retaining wall collapsed. Skovil continued to use this area as a driveway while he owned the property.

In November 1991, Skovil sold his house to defendants. As part of the sale, Skovil executed an earnest money agreement, including a seller's disclosure statement. That statement, which defendants received before purchasing the house, provided:

> "Neighbor to the South has verbally agreed to create a common driveway between the properties for access to the backyards."

---

[1] In this opinion, we use "defendants" to refer to Frank Lewis and Diane Watkins, plaintiff's current neighbors. An order of default was entered as to defendant Gary Skovil, the former neighbor, and he is not a party to this appeal.

After they bought the house, defendants continued the practice of using the common driveway to reach their backyard. For example, they brought in a backhoe to prepare a new patio and parked a truck on the driveway for an extended period of time. In the spring of 1993, plaintiff used the driveway to bring in a backhoe to remove debris. At some point, defendants confronted plaintiff and requested that she rebuild the retaining wall between their properties. Plaintiff refused to rebuild the wall, believing that she had an easement over defendants' property for use of the common driveway.

Plaintiff then brought this action seeking to establish an easement. Defendants moved for summary judgment, arguing that any agreement between plaintiff and Skovil did not satisfy the Statute of Frauds.[2] Plaintiff also moved for summary judgment, arguing that the Statute of Frauds was satisfied by Skovil's disclosure statement or that the agreement was taken outside the Statute of Frauds by partial performance. The court granted plaintiff's motion, denied defendants' motion, and upheld the easement.

In general, an oral agreement to transfer real property is unenforceable, because it violates the Statute of Frauds. ORS 93.020; *Martin v. Allbritton*, 124 Or App 345, 349, 862 P2d 569 (1993). The Statute of Frauds applies to any interest in land, including easements. *Wiggins v. Barrett & Associates, Inc.*, 295 Or 679, 669 P2d 1132 (1983). However, part performance of an agreement to transfer an interest in land may take the contract out of the Statute of Frauds. *Strong v. Hall*, 253 Or 61, 70, 453 P2d 425 (1969). The doctrine of part performance

> " 'is invoked in those cases where a contract is entered into in good faith, and the plaintiff, relying upon the contract, and in

---

[2] The Statute of Frauds is codified in Oregon at ORS 41.580, which provides:

"(1) In the following cases the agreement is void unless it, or some note or memorandum thereof, expressing the consideration, is in writing and subscribed by the party to be charged, or by the lawfully authorized agent of the party; * * *

"* * * * *

"(e) An agreement for the leasing for a longer period than one year, or for the sale of real property, or of any interest therein."

pursuance of it, takes possession of property with the consent of the grantor, and makes expenditures on account thereof, or improves the same, or changes his relation with the grantor, so that a refusal to carry out the contract would result in manifest fraud, injustice, or oppression.' " *Hearn v. May et al*, 207 Or 514, 519, 298 P2d 177 (1956) (quoting *Johnson v. Upper*, 38 Wash 693, 80 P 801 (1905)).

Before a contract may be taken out of the Statute of Frauds, the court must find that the part performance was

"unequivocally and exclusively referable to the contract, in the sense that it must not be susceptible of being otherwise reasonably accounted for." *Strong*, 253 Or at 70.

■ In this case, plaintiff used the disputed easement without objection, allowed trees to be removed from her backyard, allowed fill dirt to be placed on her property, allowed defendants to use the easement, including bringing heavy equipment into their backyard, and allowed defendants to park one of their vehicles on the common driveway. Defendants offer no explanation as to why, if no easement existed, plaintiff would allow her property to be used in such a manner. We hold that plaintiff's actions are unequivocally referable to the oral agreement and constituted partial performance of the agreement.

■ Before a partially performed oral agreement will be enforced, there must be equitable grounds for doing so. *Lucky v. Deatsman*, 217 Or 628, 633, 343 P2d 723 (1959). Those grounds exist here. Defendants have received significant benefits from plaintiff's performance: they were able to use the common driveway for construction and for parking. Moreover, plaintiff made significant changes in her property to accommodate the driveway. To allow defendants to receive the benefits of the agreement and then renege after plaintiff significantly altered her property would be inequitable.

■ Nevertheless, as defendants contend, we must remand for determination of the terms of the easement. The determination of the terms of an oral agreement will often "turn on subjective understandings and recollections." *Alair Aviation v. Campbell*, 58 Or App 409, 415, 648 P2d 1339 (1982). We have held that such terms are "peculiarly ill-adapted to evaluation through summary judgment procedures." *Id.* at 415. Nowhere in the record is there evidence of

the terms of the easement, *e.g.*, the amount of land granted or the nature of the use permitted. These are just a few of the factual questions that remain to be resolved. Under these circumstances, summary judgment was inappropriate.

Reversed and remanded.