Argued and submitted September 17, 2021, general and supplemental
judgments vacated and remanded April 27, 2022

Kenneth DONAHUE, Jr.,
an individual, and
Sally Donahue, an individual,
*Plaintiffs-Appellants,*

*v.*

Ronald D. NAGEL,
as Trustee of
the Ronald D. Nagel Revocable Living Trust;
Juli A. Nagel, as Trustee of
the Juli A. Nagel Revocable Living Trust;
Ronald D. Nagel, an individual; and
Juli A. Nagel, an individual,
*Defendants-Respondents.*

Benton County Circuit Court
18CV52289; A172763

510 P3d 927

Plaintiffs appeal from a general judgment for defendants on plaintiffs' claims of trespass, nuisance, and ejectment, among other claims, and defendants' counterclaim for breach of a settlement agreement, challenging, among other issues, the trial court's determination that a provision of the settlement agreement requiring plaintiffs to execute an easement was not void under the statute of frauds. *Held*: The provision of the settlement agreement relating to the creation of an easement was within the statute of frauds. Because it was not subscribed to by plaintiffs, as the party to be obligated, it was void. The Court of Appeals therefore remanded the case for the trial court to consider whether the easement provision is severable from the remainder of the settlement agreement.

General and supplemental judgments vacated and remanded.

Locke A. Williams, Judge.

Zachary J. Dablow argued the cause and filed the briefs for appellants.

Dallas V. Garner argued the cause for respondents. Also on the brief was Weatherford Thompson, P.C.

Before Tookey, Presiding Judge, and Egan, Judge, and Hadlock, Judge pro tempore.*

_____
* Egan, J., *vice* Armstrong, S. J.

EGAN, J.

General and supplemental judgments vacated and remanded.

**EGAN, J.**

Plaintiffs appeal from a general judgment for defendants on plaintiffs' claims of trespass, nuisance and ejectment, among other claims, and defendants' counterclaim for breach of a settlement agreement. They challenge, among other issues, the trial court's determination that a provision of the settlement agreement requiring plaintiffs to execute an easement was not void under the statute of frauds. They also appeal from a supplemental judgment awarding defendants attorney fees on defendants' breach of contract counterclaim. We conclude that the provision of the settlement agreement relating to the creation of an easement was within the statute of frauds and that, because it was not subscribed to by plaintiffs, as the party to be obligated, it was void. We therefore vacate the general and supplemental judgments and remand to the trial court for consideration whether the easement provision is severable from the remainder of the agreement and, if so, the effect of severance on plaintiffs' claims and defendants' counterclaim.

The parties are neighbors and agreed to enter into mediation to resolve disputes over the use of their properties, including the location of the property line. The parties participated in a mediation, reaching a settlement and mutual release agreement. The general outlines of the agreement were memorialized by the mediator in an email to the parties. The agreement included a provision that any dispute as to the terms of the agreement would be resolved by the mediator. The parties agreed that plaintiffs' counsel would draft the settlement agreement and that defendants' counsel would draft the easement.

Within a day of the mediation, plaintiffs' counsel prepared a draft of the settlement agreement and emailed it to defendants' counsel. The draft settlement agreement included the following paragraph:

> "[Plaintiffs] shall grant an easement over that certain portion of their property where there is a hedge and retainer wall, in substantially the same form as the Easement Agreement attached hereto as Exhibit A. [Defendants] will be responsible for all costs associated with preparation and recording of the Easement Agreement."

Defendants' counsel responded to the email by proposing the addition of one sentence.[1] Plaintiffs objected to the addition. But rather than bringing their concerns to the mediator as the parties had agreed, plaintiffs took the opportunity to repudiate the agreement and filed their complaint in this action.

On defendants' motion, the trial court bifurcated the trial and addressed first defendants' counterclaim asserting that the settlement agreement had resolved the issues raised in the complaint and that plaintiffs were in breach of the settlement agreement. Plaintiffs contended that the settlement agreement was unenforceable, because there had been no meeting of the minds, and that the easement provision was void under the statute of frauds, because it had not been subscribed to by plaintiffs, as the party to be charged with the easement. *See* ORS 41.580[2] (stating that an agreement for the sale of an interest in real property "is void unless it, or some note or memorandum thereof, expressing the consideration, is in writing and subscribed by the party to be charged"); ORS 93.020(1) (providing that "[n]o estate or interest in real property *** can be created, transferred or declared otherwise than by operation of law or by a conveyance or other instrument in writing, subscribed by the party creating, transferring or declaring it").

Defendants raised several arguments against the application of the statute of frauds. The trial court's judgment included findings that: the parties had reached an

---

[1] Defendants proposed that the italicized sentence be added to the "good neighbor" paragraph:

"The parties recognize they will be neighbors moving forward and will conduct themselves in a civil and neighborly manner going forward. *They also agree not to approach the other party to incite or initiate verbal interaction.*"

[2] ORS 41.580(1) provides:

"In the following cases the agreement is void unless it, or some note or memorandum thereof, expressing the consideration, is in writing and subscribed by the party to be charged, or by the lawfully authorized agent of the party; evidence, therefore, of the agreement shall not be received other than the writing, or secondary evidence of its contents in the cases prescribed by law:

"*****

"(e) An agreement *** for the sale of real property, or of any interest therein."

agreement in mediation that included a promise by plaintiffs to grant to defendants an easement to be drafted by defendants' counsel; the document drafted by plaintiffs' counsel and exchanged by email accurately reflected the parties' agreement and resolved all disputes raised by the parties' pleadings; defendants' proposed changes to the draft document were not material; and the parties had agreed to be bound by a provision requiring the mediator to resolve any disputes. The court determined that the easement provision of the settlement agreement was not within the statute of frauds, because it did not purport to convey an interest in land.[3] Thus, the court concluded, the settlement agreement was enforceable in its entirety. That led the court to reject and dismiss plaintiffs' claims and to grant judgment to defendants on their counterclaim for breach of the settlement agreement. Plaintiffs appeal from the judgment dismissing their claims and granting specific performance on defendants' counterclaim for breach of contract, and from the supplemental judgment awarding defendants attorney fees on their counterclaim, assigning error to the trial court's conclusion that the parties had an agreement and to the court's rejection of their contention that the portion of the agreement relating to an easement is void under the statute of frauds.

Plaintiffs admit on appeal that they reached a settlement agreement in mediation that included their promise to convey an easement to defendants and that they also agreed that the mediator would resolve all disputes as to the details of their agreement, including the easement. As noted, the mediator memorialized the settlement agreement in an email to the parties, and the trial court found that plaintiffs' counsel's draft embodied the essential terms of the parties' agreement. But plaintiffs contend in their first assignment on appeal that the parties' attempt to memorialize the settlement in writing failed because of defendants'

---

[3] The trial court explained:

"I don't find that the settlement agreement and mutual release in and of itself was an attempt to transfer any interest in real property or to encumber that real property. It was anticipated that that would be done by a subsequent agreement, the easement agreement to be prepared by [defendants' counsel], and therefore I don't find that this is contained within the statute of frauds."

proposal to add a sentence to the "good neighbor" provision of the agreement, which they contend was an essential term of the agreement that was unacceptable to them. Plaintiffs also contend that that attempt constituted a counteroffer that defeated a meeting of the minds and prevented the existence of an agreement. The trial court found, and we agree, that the proposed addition was not a material term that defeated the contract that the parties had formed through mediation, and we reject for that reason plaintiffs' contention in their first assignment of error that a contract was never formed.

Plaintiffs had sought partial summary judgment on defendants' affirmative defense and counterclaim asserting a breach of the settlement agreement, contending that any reliance on the settlement agreement was barred by the statute of frauds. The trial court denied plaintiffs' motion, reasoning that there were questions of fact relating to partial performance by defendants that would bring the settlement agreement outside of the statute of frauds and that those factual questions precluded summary judgment. In their second assignment, plaintiffs contend that the trial court erred in denying their motion for partial summary judgment. Defendants respond that plaintiffs' assignment is not reviewable, because their summary judgment motion was not based exclusively on a legal argument but depended on facts. *Ortega v. Martin*, 293 Or App 180, 186-87, 427 P3d 1103 (2018), *vacated and remanded on other grounds*, 366 Or 760, 468 P3d 945 (2020) (The denial of a motion for summary judgment that is based on material facts, even undisputed facts, is not reviewable.). Defendants are correct. Plaintiffs' motion for summary judgment depended on material factual issues relating to the applicability of the statute of frauds. The trial court's denial of their motion is therefore not reviewable.

As noted, the settlement agreement, which included a promise to convey an easement, was never signed by plaintiffs, as would be required by ORS 41.580(1). In their third assignment, plaintiffs contend that the trial court erred in determining that the statute of frauds was not applicable to that aspect of the parties' settlement agreement requiring that plaintiffs execute an easement for defendants' benefit.

Defendants respond, essentially, that, as the trial court concluded, the provision relating to the easement was merely a promise to convey an easement, as distinct from an attempted conveyance of an easement and, therefore, was not within the statute of frauds.[4] Defendants are incorrect on that point. The statute of frauds is applicable to easements. *Wiggins v. Barrett & Associates, Inc.*, 295 Or 679, 669 P2d 1132 (1983). A promise to convey an interest in real property, no less than the conveyance itself, is subject to the statue of frauds. *See Parthenon Construction & Design, Inc. v. Neuman*, 166 Or App 172, 185, 999 P2d 1169 (2000) (mutual oral promises to convey interest in land are both within the statute of frauds); *Martin v. Allbritton*, 124 Or App 345, 349, 862 P2d 569 (1993) ("oral agreement to purchase property and, thereafter, to convey an interest in the property to another is unenforceable, because it violates the statute of frauds"); *see also Masquart v. Dick*, 210 Or 459, 475-76, 310 P2d 742 (1957) (agreement to convey property in the future is subject to the statute of frauds). The trial court erred in determining that the provision relating to the creation of an easement was not within the statute of frauds.

The parties expend considerable effort addressing whether the easement provision was severable from the remainder of the settlement agreement. The trial court did not reach that issue. In light of our conclusion that the trial court erroneously concluded that the promise to convey an easement was not within the statute of frauds, the general and supplemental judgments are vacated and the case is remanded for the trial court to consider whether the easement provision is severable from the remainder of the settlement agreement. Depending on how the trial court rules on the issue of severability, the trial court will then have an opportunity to reconsider its rulings addressing plaintiffs' claims and defendants' counterclaim.

General and supplemental judgments vacated and remanded.

---

[4] Defendants raised below, but on appeal do not raise estoppel or partial performance against the application of the statute of frauds.