No. 179				March 20, 2024				539

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Thomas Joseph WILSON, Jr.,
*Plaintiff-Respondent,*

*v.*

Dillan John MACK,
*Defendant-Appellant.*

Josephine County Circuit Court
20CV14888; A179603

Brandon S. Thueson, Judge.

Argued and submitted August 23, 2023.

Jason Weber argued the cause for appellant. Also on the brief were Margaret Huntington and O'Connor Weber LLC.

Eric Fournier argued the cause for respondent. Also on the brief was Davis, Freudenberg, Day, Driver & Fournier.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

**PAGÁN, J.**

This appeal concerns a dispute over a parcel of real property and the enforceability of a settlement agreement resolving the dispute. Defendant appeals from a general judgment transferring the real property to plaintiff, and a supplemental judgment dismissing the case. We conclude that defendant did not preserve the argument he raises on appeal. We further conclude that the trial court did not commit plain error, and additionally, that this is a situation in which we would not exercise our discretion to exercise plain error review. We therefore affirm.

## FACTUAL BACKGROUND

In November 2019, plaintiff signed a deed transferring a particular piece of real property to defendant. Several months later, plaintiff filed an action against defendant, seeking deed recission, declaratory judgment of the ownership of the property, and ejection, alleging that defendant had improperly obtained plaintiff's signature on the deed.[1]

In September 2021, on the day the trial was set to begin, the parties notified the court that a settlement had been reached. Counsel for plaintiff laid out the terms of the settlement, which involved defendant signing a deed to the property over to plaintiff, and in exchange plaintiff would dismiss the lawsuit, including the additional claim for conversion of the vehicles, and would pay defendant $17,500. Plaintiff was present at the hearing and agreed to the terms on the record.[2] Defendant's attorney, Cauble, affirmed that the terms of settlement laid out by plaintiff's counsel were accurate and that defendant's sister, Lisa Mack, had defendant's power of attorney and would be handling defendant's affairs with respect to receipt of the payment from plaintiff. The attorneys agreed to prepare the necessary documents for the property transfer and the court set a status check for 30 days to follow up on whether the matter was complete.

---

[1] The complaint contained details regarding allegations of appropriation of additional property, including multiple vehicles, and other criminal acts by defendant, and pleaded a claim for conversion of the vehicles. That claim is not at issue in this appeal.

[2] Defendant was incarcerated in Idaho at the time and was unable to participate in the proceeding.

In December 2021, defendant's counsel filed a motion for extension of time to file the proposed judgment of dismissal, indicating that there had been logistical problems with arranging for defendant to sign the deed in the presence of a notary, given his continued incarceration. Cauble stated that he and Lisa Mack had encountered problems navigating the out-of-state prison system remotely during the pandemic, but affirmed that "there is no question as to whether the party agrees with the settlement, it's merely a matter of obtaining completed documents."

In April 2022 the matter still had not been resolved, and the court sent a notice of intent to dismiss. On May 13, 2022, plaintiff filed a motion to keep the case open, indicating that the parties were still attempting to obtain the appropriate signed documents and that defendant's ongoing incarceration continued to pose a barrier. The court granted the motion.

On May 27, 2022, plaintiff filed a motion to enforce the settlement agreement. Counsel for plaintiff indicated that it had come to his attention that defendant had no intention of signing the deed. Plaintiff requested that the court issue a judgment in plaintiff's favor ordering defendant to sign the deed, or to consider issuing a warranty deed declaring plaintiff to be the owner of the property.

A hearing was held on plaintiff's motion on August 24, 2022. Defendant appeared *pro se* via video link from prison.[3] Defendant asserted that his sister did not have power of attorney on his behalf, maintained he never agreed to the settlement deal, and stated that he wanted to go to trial. Counsel for plaintiff framed the issue as the court having "to believe [defendant] is a liar or Mr. Cauble is a liar" with respect to Cauble's authority to settle the claim on his client's behalf. At the conclusion of the hearing, the court agreed that its choice was whether "to believe Mr. Cauble did his job or believe that he, in some manner, railroaded [defendant]."

---

[3] Earlier that month Cauble had filed a motion to withdraw as defendant's counsel, citing an irreparable breakdown in the attorney-client relationship, and indicated that all further notices and correspondence should be sent to defendant, listing his prison address and a "care of" address with Lisa Mack. The motion to withdraw was granted.

The court concluded that Cauble had done nothing outside of his obligations as an attorney and ruled that the settlement agreement would be enforced. The court issued a general judgment transferring the property from defendant to plaintiff and dismissing the action. Defendant appeals from that judgment.

## ANALYSIS

Defendant argues on appeal that the trial court erred by ratifying and enforcing the settlement agreement because it violated the statute of frauds and therefore should have been unenforceable. He maintains that this issue was preserved by his assertions at the August 2022 hearing that he never agreed to the settlement terms, never authorized his attorney to enter into a settlement, and never granted his sister his power of attorney. Alternatively, defendant requests plain error review, asserting that the purposes of preservation were met and that the law is clear that transfers of real property, or authorizations for an agent to do so, must be in writing. Plaintiff argues in response that the statute of frauds issue is not preserved and does not qualify for plain error review. Regardless, plaintiff asserts that the trial court correctly ratified and enforced the settlement agreement between the parties.

We conclude that defendant did not preserve the issue he now raises on appeal. We further conclude that it does not qualify for plain error review, nor is this a case in which we would exercise our discretion to review.

"No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court[.]" ORAP 5.45(1). The policy reasons favoring preservation are prudential in nature: It "gives a trial court the chance to consider and rule on a contention, thereby possibly avoiding an error altogether or correcting one already made, which in turn may obviate the need for an appeal"; it also "ensures fairness to an opposing party," and "fosters full development of the record[.]" *Peeples v. Lampert*, 345 Or 209, 219-20, 191 P3d 637 (2008).

At the August 2022 hearing, the parties did not raise and the court did not address the question of whether

the settlement agreement was enforceable under the statute of frauds.[4] While defendant maintained that he had not agreed to the settlement terms or authorized Cauble or his sister to settle on his behalf, those issues were presented as factual questions that the parties disagreed on, not as a legal argument regarding the enforceability of the agreement. The trial court understood its role at the moment to be one of fact finding:

> "[The Court]: I do agree with [plaintiff's counsel] that my choice is to believe that Mr. Cauble did his job or believe that he, in some manner, railroaded [defendant]. And I can't reach that conclusion that Mr. Cauble has done anything outside of his, I guess, obligations as an attorney.
>
> "* * * * *
>
> "*** I am forced to decide did Mr. Cauble do his job or not, and the information in front of this Court is I'm going to trust Mr. Cauble's representations when he indicated on the record that there was a settlement of these matters. He laid out—the settlement was laid out."

Because we conclude that defendant did not preserve the issue, we turn to plain error.

An unpreserved error is reviewable as plain error when (1) the error is one of law; (2) the legal point is obvious, meaning it is not reasonably in dispute; and (3) to "reach the error, we need not go outside the record or choose between competing inferences to find it." *State v. Nickerson*, 272 Or App 155, 156, 354 P3d 758 (2015) (internal quotation marks omitted). If, based on those predicates, we conclude that the error is plain, we must then decide whether to exercise our discretion to correct it. *Id.* In deciding whether to exercise our discretion, we consider, among other things, "the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention" and, finally, "whether the polices behind the general rule requiring preservation of error have been served in the case in another way." *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991).

---

[4] We recognize that defendant would not be required to use the words "statute of frauds" in order to preserve the issue, particularly given his status as a *pro se* party.

The issue defendant raises is one of law, and therefore satisfies the first plain error criterion. Whether the statute of frauds impacts the enforceability of a settlement agreement entered into on the record before the court but not reduced to writing is a question of law. However, we conclude that the other two criteria are not met.

The legal point raised here is not obvious and is reasonably in dispute. It is certainly well established that, pursuant to the statute of frauds, a conveyance of an interest in real property must be in writing to be enforceable. ORS 41.580.[5] However, it is also well established that a settlement agreement, when placed on the record and assented to by both parties, is a binding contract. *Kleiner v. Randall*, 58 Or App 126, 130-31, 647 P2d 956 (1982) (rejecting party's contention that he could withdraw his consent to the stipulated settlement prior to the entry of judgment, and concluding "[t]o the contrary, by agreeing to the stipulation the parties entered into a binding contract") (citing *Schmidt v. Oregon Mining Co.*, 28 Or 9, 40 P 406 (1895)). Such a contract "cannot be set aside except on grounds adequate to justify the rescission of a contract." *Id.* at 131.

In a memorandum of additional authorities, defendant points to *Donahue v. Nagel*, 319 Or App 275, 510 P3d 927 (2022) as dispositive authority in this matter. However, the facts of *Donahue* differ from the facts here, such that it does not control the outcome. In *Donahue*, a dispute between the parties was taken to mediation, where the parties reached a settlement that included the conveyance of an easement. *Id.* at 277. The general outline of the agreement was memorialized by the mediator in an email to the parties, with

---

[5] ORS 41.580(1) states, in part:

"In the following cases the agreement is void unless it, or some note or memorandum thereof, expressing the consideration, is in writing and subscribed by the party to be charged, or by the lawfully authorized agent of the party; evidence, therefore, of the agreement shall not be received other than the writing, or secondary evidence of its contents in the cases prescribed by law:

"* * * * *

"(e) An agreement for the leasing for a longer period than one year, or for the sale of real property, or of any interest therein.

"(f) An agreement concerning real property made by an agent of the party sought to be charged unless the authority of the agent is in writing."

the understanding that the attorneys would draft the settlement agreement and the easement documents. *Id.* The parties were unable to come to an agreement on the final language of the settlement agreement document, and eventually a complaint was filed in circuit court. *Id.* at 278. The defendants sought enforcement of the settlement agreement terms, while the plaintiffs argued that the settlement agreement was unenforceable because, among other arguments, the easement provision had not been subscribed to by plaintiffs, and was therefore void under the statute of frauds. *Id.* at 278-79. We concluded that, although the parties had entered into a contract through their mediation agreement, "the provision of the settlement agreement relating to the creation of an easement was within the statute of frauds and ***, because it was not subscribed to by the plaintiffs, as the party to be obligated, it was void." *Id.* at 277.

　　　　The matter currently before us differs from *Donahue*. Here, the settlement agreement terms were stated on the record before the trial judge, with both sides indicating their agreement to the terms. Whether such circumstances satisfy the statute of frauds was not resolved in *Donahue*. We have been unable to find any controlling authority that settles the issue of whether a settlement agreement assented to on the record in open court satisfies the statute of frauds.[6]

---

[6] The issue of whether a settlement agreement made orally before a judge satisfies the statute of frauds divides courts across the country. *See*, *e.g.*, *Gibson v. Arnold*, 288 F3d 1242, 1245 (10th Cir 2002) (holding that, under Oklahoma law, oral settlement agreement reached at settlement conference before a United States magistrate judge was enforceable under the judicial admission exception to the statute of frauds); *Szymkowski v. Szymkowski*, 104 Ill App 3d 630, 634, 432 NE2d 1209, 1212 (1982) ("When the trial court assents to a settlement, thereby rendering the sale one pursuant to order of the court, the trial court has impliedly made a determination as to the parties' consent and their attorneys' authority. The safeguards of the Statute of Frauds are fully met when a settlement is reached in open court in the presence of the parties."); *Fuchs v. Fuchs*, 409 NYS 2d 414, 415, 65 AD2d 595, 596 (NY App Div 1978) (enforcing a settlement agreement entered into in open court but not executed in writing thereafter, holding that "the transcript of the proceedings serves to establish the terms of the settlement and avoid conflicting claims as to what the parties intended," and agreeing that the statute of frauds was inapplicable in those circumstances); *Powell v. City of Newton*, 200 NC App 342, 345, 684 SE2d 55, 58 (2009), *aff'd* 364 NC 562, 703 SE2d 723 (2010) (concluding that an oral settlement agreement being placed on the record and agreed to in open court was sufficient to satisfy the statute of frauds); *but see Meyer v. Lipe*, 14 SW 3d 117, 119-20 (Mo Ct App 2000) (concluding that the statute of frauds barred enforcement of an oral settlement agreement reached in front of the trial judge).

Based on the current state of Oregon law, we conclude that the trial court did not plainly err in enforcing the oral settlement agreement.

We further conclude that this is a situation where we would have to choose between competing inferences in order to reach the error alleged. Defendant maintains that the trial court erred by enforcing the settlement agreement because only Cauble indicated assent to the terms and Cauble did not have written authority to enter into the settlement agreement, either from defendant himself or from a duly appointed attorney in fact. However, the record is not clear as to whether the trial court concluded that such a writing was not necessary or whether the court implicitly concluded that such a writing existed and was simply not entered into the record. Because the lack of clarity in the record would require us to choose between competing inferences, the error is not plain.

The lack of clarity in the record also persuades us that, even if any error were plain, this would not be a case in which we would exercise our discretion to review it. Most significantly, had the issue of the enforceability of the agreement under the statute of frauds been raised, the record could have developed differently, including via testimony or affidavits from Cauble and Lisa Mack or the production of any written authorizations surrounding Cauble's representation of defendant.

Affirmed.