532 February 25, 2026 No. 169

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Vicki D. LYNN,
*Plaintiff-Appellant,*

*v.*

Milinda ELLIS
and Levi Ellis,
*Respondents-Respondents.*

Crook County Circuit Court
23CV52213; A185223

Annette C. Hillman, Judge.

Argued and submitted November 6, 2025.

Gregory P. Lynch argued the cause and filed the opening brief for appellant. Also on the reply brief was Lynch Murphy McLane LLP.

Tyler J. Moore argued the cause for respondent Milinda Ellis. Also on the brief was Law Office of Tyler J. Moore, LLC.

No appearance for respondent Levi Ellis.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

O'CONNOR, J.

Vacated and remanded for entry of a judgment declaring the parties' rights.

**O'CONNOR, J.**

In this property dispute, plaintiff appeals from a limited judgment dismissing a complaint against defendant[1] for a declaratory judgment to quiet title and for adverse possession.

In a single assignment of error, plaintiff argues that the trial court erred when it granted defendant's motion for summary judgment and dismissed plaintiff's claims. We conclude that, when viewing the evidence in the light most favorable to plaintiff, there is no genuine issue of material fact and defendant is entitled to judgment as a matter of law. We therefore affirm the court's grant of summary judgment in favor of defendant. Nevertheless, we remand for the trial court to enter a judgment declaring the rights of the parties.

ORCP 47 governs summary judgment. "In reviewing a grant of summary judgment, we view the record in the light most favorable to the party opposing summary judgment." *Oltmanns v. Lewis*, 135 Or App 35, 37, 898 P2d 772 (1995). We review a trial court's decision on a motion for summary judgment for legal error. *Beneficial Oregon, Inc. v. Bivins*, 313 Or App 275, 277, 496 P3d 1104 (2021) ("We review a grant of summary judgment to determine whether any genuine issue of material fact exists and whether defendant is entitled to judgment as a matter of law." *Waxman v. Waxman & Associates, Inc.*, 224 Or App 499, 503, 198 P3d 445 (2008) (internal quotation marks omitted); ORCP 47 C.

The dispute arises from plaintiff and defendant both claiming ownership of a residential property. In 2007, plaintiff leased the property from Levi Ellis, and she lived on the property for the next 16 years. Defendant is Levi Ellis's sister. In 2023, defendant told plaintiff that defendant had purchased the property from Levi Ellis. Defendant presented plaintiff with a quitclaim deed that conveyed the property to defendant and was dated August 9, 2023. Plaintiff claimed that she had purchased the property from Levi Ellis prior to Levi Ellis purporting to convey the property to defendant in the quitclaim deed.

---

[1] The complaint listed two defendants: Levi Ellis and Milinda Ellis. We use the term "defendant" to refer to Milinda Ellis, who is a party to this appeal. Levi Ellis defaulted in the trial court and does not appear on appeal.

In 2023, plaintiff initiated this action to determine the legal owner of the property. Defendant filed an answer that included affirmative defenses and asserted counterclaims of ejectment/eviction and waste.

Plaintiff moved for summary judgment and argued that she completed the purchase of the property from Levi Ellis on January 1, 2012. She argued that her purchase of the property was conclusively established by a limited judgment on her breach of contract claim against Levi Ellis by the trial court on March 6, 2024. Accordingly, she argued, defendant could not have obtained ownership of the property from Levi Ellis in 2023, and plaintiff was entitled to judgment as a matter of law. Plaintiff submitted a declaration with the motion. The declaration stated that she purchased the property in July 2007 for $30,000—she made a $10,000 down payment and then paid $350 a month until 2014—although the declaration also states that the loan was paid in full on January 1, 2012. Plaintiff also submitted exhibits in support of her motion for summary judgment, including a quitclaim deed from Levi Ellis to defendant recorded on August 14, 2023, that conveys the property to defendant in exchange for $10.

Defendant opposed plaintiff's motion for summary judgment and filed a cross-motion for summary judgment, noting that plaintiff had not identified a written agreement to sell the property and arguing that the Oregon statute of frauds requires a written agreement for the sale of real property. In response to the cross-motion for summary judgment, plaintiff submitted a second declaration. Plaintiff attached an exhibit to the declaration that she described as "a copy of the agreement [she] had with Levi Ellis." The exhibit is a lease dated 2007 that includes an option to purchase the property. The lease stated that all modifications must be in writing and that plaintiff could exercise the option to purchase only "by written notice" more than 60 days before the expiration of the lease. The lease defined the term as starting on August 1, 2007, and ending on February 31, 2008.[2] The lease listed the purchase price as $35,000.

---

[2] The lease states that the term ends on February 31, 2008, even though there was no 31st day of February 2008 (or any February). That mistake does not affect our analysis of the issues on appeal.

At the hearing on the motions for summary judgment, we understand plaintiff to have argued that she exercised the option to purchase contained in the lease or partially performed on an oral modification to the purchase agreement. The trial court granted summary judgment in favor of defendant and denied plaintiff's motion for summary judgment, explaining that "[t]here is nothing in writing with respect to any change to that agreement, there was no writing with respect to conveyance of that property, and I'm not finding any genuine issue of material fact." In response to questions from plaintiff's counsel, the trial court explained that plaintiff's declaration was insufficient to show a conveyance without a written agreement and there was insufficient evidence, in the light most favorable to plaintiff, of an oral agreement that would bring the transfer of the property outside the statute of frauds. The trial court entered a limited judgment dismissing plaintiff's second claim (quiet title) and third claim (adverse possession) against defendant.[3]

On appeal, plaintiff renews the argument she made in the trial court, asserting that "[a]t a bare minimum, [plaintiff's] declaration created a genuine issue of material fact as to whether [plaintiff] had exercised the option to purchase and/or orally modified her agreement to purchase the property * * *." As we understand her argument, her position is that the declaration asserting that she had an agreement with Levi Ellis to purchase the property constitutes evidence from which a jury could conclude that she exercised the purchase option in the lease or that she and Levi Ellis agreed to an oral modification of the purchase option in the lease. Plaintiff further argues that a jury could find that she partially performed on that oral agreement. Defendant responds that the deed in her name established her title to the property as a matter of law and plaintiff failed to produce evidence to create a genuine dispute of material fact over whether she exercised the option to purchase the property or reached an oral agreement that would take the transfer outside of the statute of frauds.

---

[3] Plaintiff's first claim is a breach of contract claim against Levi Ellis only, not defendant.

"Oregon's statute of frauds requires that certain types of agreements, including those 'for the sale of real property, or any interest therein,' must be in writing, unless an exception applies. The doctrine of part performance is one such exception." *Brice v. Hrdlicka*, 227 Or App 460, 465, 206 P3d 265 (2009) (quoting *Luckey et ux v. Deatsman*, 217 Or 628, 633, 343 P2d 723 (1959)). "Under that doctrine, a court may enforce an agreement that would otherwise violate the statute of frauds if three requirements are met," the first of which is that "the party asserting part performance must provide preponderating evidence of an agreement that is clear, certain and unambiguous in its terms." *Id*. at 465 (internal quotation marks omitted). The second and third requirements are that "there must be evidence of conduct unequivocally and exclusively referable to the contract" and that "there must be equitable grounds for enforcing the agreement[.]" *Id*. at 465-66 (internal quotation marks omitted). Thus, for plaintiff to survive summary judgment, the evidence must have demonstrated that there was a genuine issue of material fact regarding either her exercise of the option or the applicability of the partial performance exception.

Viewing the evidence in the light most favorable to plaintiff, we conclude that there is no genuine issue of material fact as to whether plaintiff validly exercised the purchase option or that would establish the applicability of an exception to the statute of frauds. In her second declaration, plaintiff states that the lease constituted the agreement she had with Levi Ellis. However, the record contains no evidence that she provided written notice to exercise the purchase option in the agreement. *See Two Two v. Fujitec America, Inc*., 355 Or 319, 324, 325 P3d 707 (2014) (under ORCP 47 C, a party opposing summary judgment has burden of producing evidence on any issue raised in the motion as to which that party would have the burden of persuasion at trial).

Additionally, plaintiff did not produce evidence that could satisfy the partial performance exception to the statute of frauds. *See Brice*, 227 Or App at 465-66 (party asserting partial performance exception to statute of frauds

has burden of persuasion at trial). Although plaintiff argues that her declarations establish that she performed on an agreement to purchase the property, plaintiff does not state in either of her declarations that she and Levi Ellis made an oral agreement or an oral modification to the lease. Plaintiff's counsel suggested at oral argument on the motions for summary judgment that plaintiff and Levi Ellis had made an oral agreement or oral modification. But counsel's statements are not evidence. Because plaintiff failed to produce evidence of a clear, certain, unambiguous oral agreement to purchase the property, no rational trier of fact could have found that the partial performance exception to the statute of frauds applies.

Accordingly, there is no genuine dispute of material fact and defendant is entitled to judgment as a matter of law. The trial court correctly denied plaintiff's motion for summary judgment and, based on the quitclaim deed, granted defendant's motion for summary judgment.

We remand, however, for the entry of a judgment that declares the rights of parties, consistent with this opinion. "If there is a justiciable controversy, the plaintiff is entitled to a declaration of its rights, even if that declaration is directly contrary to what it believes its rights to be." *Beldt v. Leise*, 185 Or App 572, 576, 60 P3d 1119 (2003). "When a trial court dismisses a declaratory judgment claim after deciding it on the merits, it is our practice to vacate and remand for correction of the judgment, even if we are affirming on the merits." *City of Corvallis v. State of Oregon*, 304 Or App 171, 190-91, 464 P3d 1127 (2020).

Vacated and remanded for entry of a judgment declaring the parties' rights.